**William GRAY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 2505.**

United States District Court
S. D. California, S. D.

Feb. 14, 1964.

---

6. Defendants' Exhibits L and M.

7. Doehler Metal Furniture Co. v. United States, 149 F.2d 130, 135 (2d Cir. 1945).

480

Frank C. Owen, and Harry D. Steward, San Diego, Cal., Joseph J. Jonesi, Los Angeles, Cal., Clarence L. Ripley, San Diego, Cal., for plaintiff.

Francis C. Whelan, U. S. Atty., Los Angeles, Cal., for defendant.

Burch, Gregory & Platt, John B. Gregory, San Diego, Cal., for Don D. Winegar.

WEINBERGER, District Judge.

William Gray filed suit under the Tort Claims Act for damages for injuries incurred as a result of an accident, allegedly due to the negligence of an agent of the defendant. Shortly thereafter, Don D. Winegar moved for an order granting a lien upon the cause of action and upon any judgment to be procured herein, alleging that he held an unsatisfied judgment against Gray for the principal sum of $48,489.36, together with costs, and interest.

Briefs were filed, a hearing had, and under authority of Section 688.1 of the California Code of Civil Procedure, and Brooks v. Mandel-Witte Co. (2 Cir. 1932), 54 F.2d 992, 994, cases cited therein, and other cases cited by lien claimant, this Court granted the lien prayed for, excepting therefrom any attorneys fees which might be allowed under the Tort Claims Act.

Thereafter, the progress of the case was slow. Continuances were requested because of the pendency of a settlement. Plaintiff moved to discharge the lien, or require the lien claimant to deposit the costs of litigation, alleging that, while an amount in settlement had been agreed upon by plaintiff and defendant, plaintiff would not accept the settlement because the amount of the lien was greater than the amount of settlement and plaintiff would realize nothing from his injuries; that the judgment upon which the lien was predicated had been procured by fraud; that plaintiff had no funds with which to pay costs of expert witnesses, and thus could not go to trial. The motion was denied.

Plaintiff's wife then moved, on behalf of herself and minor children, that a lien be impressed upon the cause of action for the support of plaintiff's family, and that such lien take precedence over the lien of Don Winegar. After hearing, the motion was denied.

Thereafter, plaintiff filed an affidavit claiming exemption from Winegar's lien on two grounds: 1, that the greatest element of damages sought by plaintiff's action represented compensation for loss of earnings by plaintiff, and that such earnings were necessary for the support of plaintiff's family. 2, that any moneys to be received by plaintiff from defendant would represent a "benefit" from the United States, and would thus be exempt.

After hearing, the Court ruled that the motion was premature, in that no moneys had been received from the Government, and denied the motion without prejudice.

It appeared that because of Winegar's lien, plaintiff was reluctant to go to trial,

and reluctant to compromise his action. Several continuances were given upon stipulation of counsel, and when the defendant moved for dismissal for lack of prosecution, a date was set for trial of the case or for dismissal thereof.

On November 14, 1963 a stipulation for compromise was approved by the Court, and pursuant to such stipulation it was ordered that the amount of the settlement, $20,000.00, less attorney's fees allowed by the Court in the sum of $4,000.-00, be deposited in the Registry until the further order of the Court.

Plaintiff now has filed a claim that the moneys in the Registry are exempt under the provisions of Sections 690.22 and 690.26 of the Code of Civil Procedure of California. He states that such moneys are being paid to plaintiff to help defray his medical bills and medical expenses incurred by reason of the accident upon which plaintiff's cause of action is based. This, in contrast to his previous statement that the greatest element of damages sought by the complaint represented loss of earnings.

It is not clear whether by his reference to Section 690.26 CCP, which mentions earnings, plaintiff is again urging that said moneys are exempt as earnings. Section 690.11 of the California Code of Civil Procedure states that one-half of the earnings of the debtor, received for his personal services rendered at any time within 30 days next preceding the levy of an attachment or execution shall be exempt from execution or attachment without filing a claim for exemption as provided in Section 690.26, and that all of such earnings are exempt if necessary for the use of the debtor's family.

■ Assuming that plaintiff contends the moneys are exempt as earnings, we are of the view that he cannot prevail. His complaint made no allegation as to the amount of his earnings prior to the accident or the amount of earnings he had lost or would lose; there has been no proof of any loss. There is no way in which the Court can, in the absence of stipulation or proof, arrive at the conclu-sion that any portion of the compromise amount represents earnings of Mr. Gray within the meaning of Section 690.11 of the California Code of Civil Procedure, or if so, what portion.

Section 690.22 of the California Code of Civil Procedure reads as follows:

"All money received by any person, a resident of the State, as a pension, or retirement or disability or death or other benefit, from the United States Government * * *. whether the same shall be in the actual possession of such pensioner or beneficiary, or deposited, loaned or invested by him, is exempt from execution or attachment."

Plaintiff's brief asks the question:

"Would the plaintiff, the defendant in a State Court action, be permitted to exercise a claim of exemption in the Federal Court?"

■ It is our view that inasmuch as the lien was imposed pursuant to the provisions of the California Code of Civil Procedure, the Court could and would follow California law with reference to a claim for exemption from such lien.

Plaintiff's brief asks another question:

"Would the moneys being received from the United States of America by reason of a tort claim and suit based thereon, be exempt as a benefit derived (sic) by the United States, in part or in toto to the plaintiff herein, the judgment debtor in a State Court action?"

■ Counsel for plaintiff urges that the words "or other benefit" cover the moneys in the Registry, and they are thus exempt from Winegar's lien. Counsel for both parties cite the case of Palaske v. Long Beach, 93 Cal.App.2d 120, 208 P.2d 764, and plaintiff's brief quotes from the opinion in such case as follows:

" '[B]enefit' is a generic term which includes all contractual rewards which the employer owes to the employee through established rule and practice."

The language quoted favors the contention of the lien holder; it provides no comfort for the plaintiff. Nor does the wording of the Statute provide assistance. It is apparent that even though (but for the lien holder) the money in the registry might prove "of benefit" to plaintiff, the latter cannot be considered a "beneficiary" or a "pensioner."

It is our view that moneys paid to a plaintiff pursuant to a claim against the United States for damages for negligence do not constitute "a benefit" under Section 690.22 CCP; that plaintiff's motion for exemption of said moneys from the lien herein should be denied.