Bernard Duran CARMONA, Bankrupt, Appellant,

v.

Gilbert ROBINSON, Trustee in Bankruptcy, Appellee.

No. 19183.

United States Court of Appeals Ninth Circuit.

Sept. 3, 1964.

Hillel Chodos, Beverly Hills, Cal., Margolis & McTernan, Los Angeles, Cal., for appellant.

Lee J. Cohen, Bernfeld & Cohen, Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and McNICHOLS, District Judge.

McNICHOLS, District Judge.

This is an appeal from an order of the above court affirming, on petition of review, a decision of the referee in Bankruptcy. We have jurisdiction under 11 U.S.C. § 47.

The undisputed facts, stipulated to below, may be summarized as follows: The appellant, Bernard Carmona, hereinafter referred to as the bankrupt, suffered a personal injury through the alleged negligence of a third party. Suit was filed in the Superior Court of Los Angeles County, State of California, on the claimed cause of action. While the matter was pending, and on May 16, 1962, the bankrupt filed a voluntary petition in bankruptcy and was, on said date, adjudicated a bankrupt. The trustee (appellee) appointed in the bankruptcy action took the position that title to the bankrupt's cause of action for personal injuries vested in the trustee as of the date of bankruptcy. The referee sustained the trustee and on proper petition for review, the District Court affirmed.

We are asked to determine whether or not, in the State of California, title to a cause of action for personal injuries, filed by the bankrupt prior to the petition in bankruptcy, vests in the trustee upon adjudication as a bankrupt. We are persuaded that it does and that we should affirm the District Court.

The National Bankruptcy Act, Sec. 70, sub. a(5),[1] paraphrased, provides that the trustee in bankruptcy is vested, by operation of law, in rights of action of the bankrupt for personal injuries where the law of the state makes such actions subject to "attachment, execution, garnishment, sequestration, or other judicial process". Sec. 70, sub. c[2] of the Act (sometimes known as the "strong arm clause") provides in part as follows:

" * * * The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

Section 688.1, California Code of Civil Procedure, accepted by the parties as the controlling state statute, reads, in part, as follows:

"Upon motion of a judgment creditor of a plaintiff or plaintiffs in an action or special proceeding made in the court in which the action or proceeding is pending upon written notice to all parties, the court or judge thereof may, in his discretion, order that the judgment creditor be granted a lien upon the cause of action and upon any judgment subsequently procured in such action or proceeding, and, during the pendency of such action, may permit said judgment creditor to intervene therein. Such judgment creditor shall have a lien to the extent of his judgment upon all moneys recovered by his judgment debtor in such action or proceeding and no compromise, settlement or satisfaction shall be entered into by or on behalf of said debtor without the consent of said judgment creditor, unless his lien is sooner satisfied or discharged. * * *"

A solution of the controversy requires a resolution of two questions: 1) Whether the California statute (Sec. 688.1, above) is applicable to causes of action founded on personal injuries; and 2) If so, does the right granted by the

---

1. 11 U.S.C. § 110, sub. a(5).

2. 11 U.S.C. § 110, sub. c.

California law, when read with either Sec. 70, sub. a(5) or Sec. 70, sub. c of the Bankruptcy Act, vest title to such cause of action in the trustee in bankruptcy. As to the application of this California statute to causes of action for personal injuries, we appear to be faced with a case of first impression before an appellate court in California.

The bankrupt makes the point that historically in California, under the Common Law, and in most jurisdictions, choses in action for personal injury were not legally within the reach of creditors of the injured person prior to entry of judgment. He strenuously urges that Sec. 688.1 was not intended to change the law in this regard. No authorities specifically sustaining the position of the bankrupt are presented. On the other hand, the trustee contends that all available California court precedents, dealing with Sec. 688.1, indicate that the statute was intended to permit creditors to perfect a lien on such causes of action.

Our attention has not been directed to a California state court decision which is exactly in point. However, in a relatively recent California case (Apostolos v. Estrada, [1958] 163 Cal.App.2d 8, 328 P.2d 805), it is clear that a lien had been perfected by a creditor under Sec. 688.1 against the debtor's cause of action for personal injuries. The validity of the lien was not a point of controversy in the action, but the language of the court indicates that the court, and all parties, took it for granted that the lien was properly allowed. None of the other California state cases cited in the briefs of the respective parties are helpful to us.

We do find some persuasive authority in the holdings of the U. S. District Courts sitting in California and presided over by judges trained in California law. The matter was squarely before the trial court in the case of In re Farris, 217 F. Supp. 598 (N.D.Cal., 1963). In the Farris case, the trustee in bankruptcy sought to reach the proceeds of an out-of-court settlement of a personal injury case brought by the bankrupt and settled four days prior to the filing of the petition in bankruptcy. The trial judge in Farris considered the rights granted the trustee under Secs. 70, sub. a(5) and 70, sub. c of the Bankruptcy Act in conjunction with Sec. 688.1 of the California Code of Civil Procedure and concluded:

> "By providing a method by which a Court, in its discretion, may grant a judgment creditor a lien upon a plaintiff's cause of action for personal injury or death, California law has made such rights of action subject to attachment, execution, garnishment, sequestration, or other judicial process within the meaning of the Bankruptcy Act, Sec. 70, sub. a (5) [11 U.S.C. § 110, sub. a(5)].

>          \*     \*     \*     \*     \*     \*

> "The Court notes that in the Matter of Alfred Edward Carreia, No. 60141, decided in this division on May 12, 1961, the Court affirmed the Referee's order authorizing the trustee to continue for the benefit of the estate of bankrupt the bankrupt's personal injury suit which was pending at the time of bankruptcy."

In addition to the foregoing, we have the decision of the Referee in this cause, experienced in California law, and the affirmation of that decision by the District Judge, a lawyer and judge trained in California. Each held that the lien provided for in Sec. 688.1 of the California law extended to personal injury causes of action.

> "This court, like other federal appellate courts, accords great weight to determinations made by trial judges upon the laws of the states wherein they sit. In reviewing doubtful questions of law, we will accept the considered views of the trial judge unless we are convinced of error." Citrigno v. Williams, (C.A. Cal., 1958) 255 F.2d 675, at 679.

■ We hold that, under Sec. 688.1 of the California Code of Civil Procedure, a trial court may grant to a creditor a lien upon a plaintiff's cause of action for personal injury.

In providing for such a lien, the California law has made such a right of action "subject to attachment, execution, garnishment, sequestration, or other judicial process" within the meaning of Sec. 70, sub. a(5) of the Bankruptcy Act. Since a creditor "could" have obtained a lien on the cause of action involved in this case, then all the rights, remedies and powers of such a fictitious creditor vested in the trustee (appellee) upon the filing in bankruptcy under the provisions of Sec. 70, sub. c of the Bankruptcy Act.

For the foregoing reasons, we affirm the judgment.