In the Matter of Carole CALESTINI, Bankrupt.

No. B 70 3241.

United States District Court, N. D. California.

Jan. 26, 1971.

Samuel P. McGeachey, Oakland, Cal., for petitioner.

Kerry M. Gough, Oakland, Cal., for Trustee.

## ORDER

PECKHAM, District Judge.

This case is before the Court on a petition to review a turnover order of the Referee in Bankruptcy. Petitioner is an attorney who had instituted, on behalf of the bankrupt, a personal injury action in the state courts. This state court suit was begun prior to the adjudication of petitioner's client as bankrupt. The Trustee sought to have the petitioner appointed as special counsel for the Trustee in prosecuting the civil action on the theory that title to the cause of action had vested in the Trustee. Petitioner resisted, claiming that the Trustee had no rights in the personal injury action and had no powers with regard to the attorney-client relationship between petitioner and bankrupt. The Trustee then filed an application for a turnover order, and, following hearing, the Referee ordered that petitioner turn over to the Trustee all legal files relating to the personal injury action. Petitioner has refused to comply since he takes the position that the summary jurisdiction of the bankruptcy court does not extend to this situation. Petitioner then filed this petition for review.

■ Two questions must be decided:[1]

1. Is an action for personal injuries "property" of the bankrupt so that title to it passes to the Trustee of the bankrupt's estate?

2. If so, does the Referee in Bankruptcy have the summary jurisdiction to order the attorney for the bankrupt, who was retained on a contingent fee basis, to turn over to the Trustee all legal documents relating to personal injury action?

■ *Discussion of question No. 1.* Section 70 of the Bankruptcy Act (11 U.S.C. § 110) provides in pertinent part that:

"(a) The Trustee of the estate of a bankrupt * * * shall * * * be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title * * * to all of the following kinds of property wherever located * * *:

(5) property, including rights of action, which prior to the filing of the

1. The Trustee has asked that the petition for review be dismissed because of petitioner's failure to comply with Rule 404(b) of the Local Rules of Practice which provides that the applicant for review furnish the Referee with a transcript of the hearing or a summary of the evidence that was adduced. Rule 404(d), however, provides that while the petition for review shall be dismissed for failure to comply with Rule 404(b), the District Court may order otherwise. This Court does so order.

petition he [the bankrupt] could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded or sequestered: *Provided,* That rights of action ex delicto for * * * injuries to the person of the bankrupt * * * shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process: * * * ".

Thus, we look to the law of California to determine whether the personal injury action herein is subject, under that law, to "attachment, execution, garnishment, sequestration, or other judicial process." If it is, then the title to it is vested in the Trustee.

This precise question has been decided by the Ninth Circuit Court of Appeals in Carmona v. Robinson, 336 F.2d 518 (1964). The Court there concluded that under section 688.1 of the California Code of Civil Procedure,[2] "a trial court may grant to a creditor a lien upon a plaintiff's cause of action for personal injury." 336 F.2d at 520. The cause of action was therefore "subject to attach-

ment, execution, garnishment, sequestration, or other judicial process," and title to the action thus vested in the Trustee in accordance with section 70(a) (5). While the Ninth Circuit Court of Appeals cannot speak finally and authoritatively on California law, *Carmona* is the only case, state or federal, on point. While *Carmona* is therefore sufficient to decide this aspect of the present controversy, it should be noted that it receives support from those cases which have peripherally dealt with the same issue.[3]

Petitioner's position is incompatible with the holding of *Carmona* and of this court that a personal injury cause of action is "property" within section 70(a) (5) of the Bankruptcy Act, title to which therefore vests in the Trustee.

*Discussion of question No. 2.* Given the fact that by virtue of section 70(a) (5) and the *Carmona* decision the Trustee holds title to the cause of action, the next question is what are his rights vis-a-vis the attorney previously retained by the bankrupt and the legal files in that attorney's possession.

 The petitioner herein was retained by the bankrupt pursuant to a contingent fee contract. This contract

---

2. § 688.1 Judgment creditor of plaintiff; order granting lien; notice; intervention; extent of lien; endorsement upon judgment and abstract

 Upon motion of a judgment creditor of any party in an action or special proceeding made in the court in which the action or proceeding is pending upon written notice to all parties, the court or judge thereof may, in his discretion, order that the judgment creditor be granted a lien upon the cause of action, or the right to relief, if the party or parties against whom the lien is sought are appearing in a capacity other than plaintiff and upon any judgment subsequently procured in such action or proceeding, and, during the pendency of such action, may permit said judgment creditor to intervene therein. Such judgment creditor shall have a lien to the extent of his judgment upon all moneys recovered by his judgment debtor in such action or proceeding and no compromise, settle-

ment or satisfaction shall be entered into by or on behalf of said debtor without the consent of said judgment creditor, unless his lien is sooner satisfied or discharged. * * * (As amended by Stats.1968).

 The 1968 amendments did not change § 688.1 in such a way as to undermine the *Carmona* interpretation. The section was again amended (Stats.1970), but the effect of these amendments, if any, need not be considered since their effective date was November 23, 1970, that is, *after* the adjudication of bankruptcy herein.

3. Gray v. United States, 226 F.Supp. 479, 480 (S.D.Cal.1964); Reichert v. General Insurance Co. of America, 53 Cal. Rptr. 693 (Cal.App.1966). The latter case is applicable despite petitioner's argument to the contrary, since the court assumed that even' if the claims were delictual in nature, rather than contractual, section 688.1 would still apply. 53 Cal.Rptr. at 696.

has been only partially performed and still remains, therefore, executory in nature. Section 70(b) of the Bankruptcy Act provides that the Trustee shall within sixty days of adjudication of bankruptcy assume or reject any executory contract. Moreover, "any such contract * * * not assumed or rejected within such time [as is the case here] * * * shall be deemed to be rejected." Section 70(b). Under this section, this court holds that the executory contract retaining petitioner has already been rejected since there was neither an express assumption or rejection within the statutory time period.[4] The Trustee may still invite petitioner to qualify as special counsel on his behalf, but the Trustee does have the equal right not to retain petitioner.[5] We assume that petitioner may apply for reimbursement for the value of his services to date in the event he is not retained further.

■ With regard to the legal files pertaining to the personal injury action, section 70(a) (1) of the Bankruptcy Act —giving the Trustee title to documents relating to the bankrupt's property— compels the conclusion that legal title to the files now resides in the Trustee. The word "documents" in section 70(a) (1) is defined in section 1(16) as including "any book, deed, record, paper, or instrument in writing."[6] While section 70(a) (1) typically deals with such documents as deeds, contracts, books of account, and business records generally,[7] a straightforward reading of the section makes it applicable to the pleadings, discovery papers, medical records, and other material in an attorney's legal file pertaining to a bankrupt's cause of action. This is compatible with the rationale of the section—that the bankrupt himself, prior to bankruptcy, would have the right to demand, as his property, those documents which relate to other of his property. In the instance of a legal file, the client has the right to the file. It is therefore "property" of the client, and upon his adjudication as a bankrupt, title passes to the Trustee.

■ Finally, insofar as petitioner argues that the Referee does not have summary jurisdiction over this legal file, he is incorrect. A Bankruptcy Court possesses summary jurisdiction as to all property in its possession, either actual or constructive possession.[8] The Bankruptcy Court herein had constructive possession of the legal file of the bankrupt's personal injury action since that file was the property of the bankrupt and was held for her benefit by the attorney-petitioner. That is, summary jurisdiction is vested in the Bankruptcy Court over all property in actual possession of the bankrupt's agent, bailee, or other person holding for the benefit of the bankrupt.[9] Such is the case here.

Accordingly, the Referee's Order Directing Turnover of Property to Trustee is hereby affirmed. The Trustee is entitled to the immediate possession of the items enumerated therein.

So ordered.

---

4. The Referee's Certificate states that: "In most of these, [personal injury suits instituted prior to bankruptcy] the personal injury attorney was simply employed as special counsel for the trustee, and then proceeded with the law suit without any formal substitution of party plaintiff. Fees for special counsel have been fixed by way of petition for compensation addressed to the Bankruptcy Court, notice given to creditors as a part of the trustee's final account notice, and fees allowed consistant with the usual percentage called for in such cases." (Referee's Certificate page 2).

The issues raised herein do not, therefore, usually arise. But having arisen, their correct disposition is clear.

5. Given disposition of this issue under the terms of § 70(b), there is no need to discuss the California law of attorney-client relationship.

6. 4A Collier on Bankruptcy ¶ 70.10 (1969).

7. *Id.*

8. 2 Collier on Bankruptcy ¶ 23.04 (1969).

9. *Id.* at ¶ 23.05(3).