**In the Matter of Andrew R. KANTER, Bankrupt.**

**In the Matter of Carole KANTER, Bankrupt.**

**Nos. 90133, 90134.**

United States District Court,
C. D. California.

June 19, 1972.

---

Goldman, Goldman & Arnold, Leonard A. Goldman, Los Angeles, Cal., for bankrupts, petitioners on review.

Danning & Gill, David A. Gill, Sherman Oaks, Cal., for trustee, respondent on review.

ORDER AFFIRMING REFEREE

WESTOVER, District Judge.

Before filing in bankruptcy on April 19, 1971 Andrew R. Kanter had, on or about March 30, 1970, commenced an action in the Superior Court of the State of California, in and for the County of Los Angeles, Case No. 973912, in which he sought general damages in the sum of $50,000.00, medical expenses; loss of earnings and costs, resulting from an automobile accident.

In the bankruptcy proceeding the Referee held that the Trustee in bankruptcy was vested with ownership of the cause of action, both as to special and general damages, and that the whole thereof was free of any claim thereon by bankrupt, Andrew R. Kanter.

Bankrupts filed a petition for review, and hearing on said petition was held June 8, 1972; Leonard A. Goldman, Esquire, appeared for Bankrupts herein, petitioners on review, and David A. Gill, Esquire, appeared for Trustee, respondent on review.

For the reasons stated by the Referee and upon the authorities cited and relied upon by him in his Memorandum of Opinion filed February 18, 1972, and pursuant to the Referee's Findings of Fact and Conclusions of Law filed March 3, 1972,

It is ordered that the Referee's Order of March 3, 1972 is hereby affirmed.

## OPINIONS OF REFEREE

Memorandum of Opinion on Application of Trustee to Determine Ownership of Pending Personal Injury Action

The above-captioned bankruptcy proceedings were filed on April 19, 1971. The First Meeting of Creditors was held on May 19, 1971 at which time Richard M. Moneymaker, Esquire, was appointed Trustee and qualified with the posting of an appropriate bond. In the Schedules and Statement of Affairs filed by the bankrupts there was listed a Cause of Action for personal injuries filed against Karen L. Barlett, Mary McCarthy and Doe I through Doe X. This Cause of Action was filed on March 31, 1970 in the Superior Court of the State of California for the County of Los Angeles and assigned No. 973912. The bankrupt Andrew R. Kanter sought general damages in the sum of $50,000, medical expenses, loss of earnings and cost.

This matter came before the Court on the application of the Trustee for an Order to Determine title to the cause of action identified above. The law on this problem has been stable in the Ninth Circuit since 1964 when the United States Court of Appeals for the Ninth Circuit made its ruling in the case of Carmona v. Robinson (9th Cir. 1964) 336 F.2d 518. Carmona which also had its Genesis in this Court involved a personal injury action pending in the Superior Court at the time of bankruptcy. Then as now, a determination of the issue was important to the general administration of bankruptcy cases for the reason that it was important for Counsel to know when the personal injury action should be filed in relation to the filing of a bankruptcy. In Carmona the Court of Appeals held that title to a personal injury cause of action, pending at the time of bankruptcy, vested in the Trustee pursuant to Section 688.1 of the California Code of Civil Procedures and Sections 70(a) (5) and 70(c) of the Bankruptcy Act.

On November 23, 1970 an amendment to C.C.P. § 688.1 became effective. The amendment added subsection (b) to C.C.P. § 688.1. This Section as amended is as follows:

"(a) Except as provided for in subdivision (b), upon motion of a judgment creditor of any party in an action or special proceeding made in the court in which the action or proceeding is pending upon written notice to all parties, the court or judge thereof may, in his discretion, order that the judgment creditor be granted a lien upon the cause of action, and upon any judgment subsequently procured in such action or proceeding, and, during the pendency of such action, may permit such judgment creditor to intervene therein. Such judgment creditor shall have a lien to the extent of his judgment upon all moneys recovered by his judgment debtor in such action or proceeding and no compromise, settlement or satisfaction shall be entered into by or on behalf of such debtor without the consent of such judgment creditor, unless his lien is sooner satisfied or discharged. The clerk or judge of the court shall endorse upon the judgment recovered in such action or proceeding a statement

of the existence of the lien, the date of the entry of the order creating the lien, and the place where entered, and any abstract issued upon the judgment shall contain, in addition to the matters set forth in Section 674 of the Code of Civil Procedure, a statement of the lien in favor of such judgment creditor.

"(b) Nothing in this section shall be construed to permit an assignee by operation of law of a party to a personal injury action to acquire any interest in or lien rights upon any moneys recovered by such party for general damages."

It will be noted that the effective date of the amendment occurred after the filing of the personal injury action and prior to the filing of these bankruptcy proceedings. This Court must then determine whether the amendment upsets the rule of law established in Carmona.

Whenever the Courts are required to interpret statutes of the State of California they are greatly handicapped by the complete lack of a printed legislative history. Here the Court encouraged counsel to endeavor to locate any possible legislative history. The Court with full knowledge of Counsel undertook the same task. The Court was successful in obtaining from the Honorable Edwin L. Z'Berg, a member of the Assembly, California Legislature and draftsman of subsection (b) to C.C.P. § 688.1, a letter dated January 10, 1972 which may serve as a legislative history. Counsel has stipulated that the contents of said letter may be used in the determination of the problem before the Court.

The body of the letter is as follows:

"I am not specifically familiar with the case of Carmona vs. Robinson, so I can't comment on it in detail. I assume that indirectly I was aware of the ruling in that case, if the ruling held that when a person is judicated to bankrupt that his interest in a personal injury case is an asset of the estate.

"It was precisely this state of the law which the legislation was introduced to effect. The legislation was necessary since I was under the opinion that the law was then that—general damages in a personal injury cause of action, were assets of the bankrupt estate. And it was my desire to change this and the legislature obviously agreed when they enacted the bill.

"In my opinion the phrase '. . . assignee by operation of law . . .' includes only a Trustee in Bankruptcy. It may be that there might be some other assignee by operation of law, but I was specifically attempting to get at Trustees in Bankruptcy and was advised by the Legislative Counsel that the language 'assignee by operation of law' would accomplish my purpose.

"As I indicated to you on the telephone, my purpose was to not have the general damages in a personal injury cause of action be an asset of the bankrupt estate, but rather have these exempt from the bankruptcy assets.

"You asked why was this officer of the Court singled out by the amendment, and the reason why he was singled out was because it was particularly the situation in bankruptcy that caused me to introduce the legislation.

"With regard to your last question, my intention in the drafting of the bill was that only those items which are special damages in a personal injury law suit up to the time of the bankruptcy would be the things that could be shared in the proceeds of a personal injury action in the bankrupt estate.

"That would necessitate a request for special findings, of course, but those special findings could designate what part of the judgement was for special damages, i. e., medical bills, hospital bills, etc., prior to filing of the bankruptcy and what part of the judgment was for general damages.

The general damages being then exempt and not a part of the bankruptcy estate."

Section 6 of the Bankruptcy Act (11 U.S.C. § 24) provided that the Bankruptcy Act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by State laws. Pursuant thereto the Bankruptcy Courts have long recognized the exemption laws of the states. C.C.P. § 688.1 is a sequestration statute providing a method by which judgment creditors may reach possible recovery by judgment debtors in pending litigation. The question is whether subsection (b) of 688.1 qualifies as an exemption under California law. The Court must answer this in the negative. At best it can be classified as a restriction on a certain creditor identified as an "assignee by operation of law".

Section 70 of the Bankruptcy Act (11 U.S.C. § 110) deals with the title to property of the bankrupt upon the filing of a bankruptcy proceeding. The pertinent parts of Section 70, sub. (a) are as follows:

"The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this act, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located . . . (5) property, including *rights of action*, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: Provided, That rights of action ex delicto for libel, slander, injuries to the person of the bankrupt or of a relative, whether or not resulting in death, seduction, and criminal conversation shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process. . . ."

In addition the trustee, under Section 70c steps into the shoes of actual or hypothetical judgment creditors as of the moment the bankruptcy petition is filed. Pertinent provisions of Section 70c are as follows:

". . . The trustee shall have as of the date of bankruptcy the rights and powers of: (1) a creditor who obtained a judgment against the bankrupt upon the date of bankruptcy, whether or not such a creditor exists, (2) a creditor who upon the date of bankruptcy obtained an execution returned unsatisfied against the bankrupt, whether or not such a creditor exists, and (3) a creditor who upon the date of bankruptcy obtained a lien by legal or equitable proceedings upon all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt upon a simple contract could have obtained such a lien, whether or not such a creditor exists. . . ."

As stated above the rights of a trustee to obtain title to a personal injury cause of action in the State of California was settled by Carmona, supra. The Court must now decide whether the recent amendment to Section 688.1 of C.C.P. can defeat those rights.

The United States Supreme Court in the recent case of Perez v. Campbell (1971) 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 has given some guidelines in determining whether a state statute violates the Supremacy Clause of the Constitution (Art. VI, Cl. 2). In deciding whether a state statute is in conflict with a federal statute and hence invalid under the Supremacy Clause is essentially a two-step process of first ascertaining the construction of the two statutes and then determining the constitutional question whether they are in conflict.

The Court at page 649, 91 S.Ct. at page 1711 stated:

". . . our function is to determine whether a challenged state stat-

ute 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' Hines v. Davidowitz, 312 U.S. 52, 67 [61 S.Ct. 399, 404, 85 L.Ed. 581] (1941). Since Hines the Court has frequently adhered to this articulation of the meaning of the Supremacy Clause. . . ."

Article I, § 8, Cl. 4 of the U. S. Constitution gives Congress the power, "to establish a uniform Rule of Naturalization and uniform Laws on the subject of Bankruptcies throughout the United States". There can be no doubt that pursuant to this Constitutional grant the Congress has enacted such uniform laws on the subject of bankruptcies which have been the subject of careful review by the Courts. This Court has been unable to find any reported case interpreting the recent amendment to C.C.P. § 688.1. Thus the Court is without any guidelines from our State Court system in resolving this problem.

From the brief legislative history available the Court must determine whether C.C.P. § 688.1 is in conflict with Sections 70a(5) and 70c of the Bankruptcy Act. The rights given to the trustee under Sections 70a(5) and 70c are in part dependent on state statutes. The State of California acting through its Legislature could have amended C.C.P. § 688.1 to provide that no creditor could execute or place a lien upon the general damages of any pending Court action arising out of personal injuries. Such a restriction would apply to all creditors including a trustee in bankruptcy. If the present statute prevails then all creditors save the trustee in bankruptcy would have such rights to, execute or lien the general damage proceeds of a personal injury action.

■ The philosophy of bankruptcy envisions many things but perhaps the elimination of the "Race to the Courthouse" by creditors is paramount. The Bankruptcy Act seeks to secure an equitable distribution of the bankrupt's property—protect the creditors from each other. Thus the trustee stands in

the unique position to accomplish this result.

■ It is apparent that C.C.P. § 688.1 as amended stands as an obstacle to the rights of a trustee under Section 70a(5) and 70c of the Bankruptcy Act, while other judgment creditors not so restricted may pursue their rights. Accordingly, this Court must hold that C.C.P. § 688.1(b) is in conflict with Sections 70a (5) and 70c of the Bankruptcy Act and under the Supremacy Clause of the Constitution said subsection (b) of C.C.P. § 688.1 is unconstitutional.

This ruling by the Court would normally dispose of the problem, however, the ruling by the Supreme Court in the case of Lines v. Frederick, (1970) 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 causes the Court to take a further look at the problem. In Lines the question facing the Court was whether a bankrupt wage earner's vacation pay, accrued but unpaid at the time of the filing of his petition, passes to the trustee in bankruptcy as "property" under § 70a (5) of the Bankruptcy Act (11 U.S.C. § 110a[5]).

The Court at page 19, 91 S.Ct. at page 113 stated:

"In Segal v. Rochelle, 382 U.S. 375, 379 [86 S.Ct. 511, 515, 15 L.Ed.2d 428], we said that '[t]he main thrust of § 70a(5) is to secure for creditors everything of value the bankrupt may possess in alienable or leviable form when he files his petition. To this end the term "property" has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed. But we pointed out that ' "[i]t is impossible to give any categorical definition to the word 'property,' nor can we attach to it in certain relations the limitations which would be attached to it in others" '.

"The most important consideration limiting the breadth of the definition of 'property' lies in the basic purpose of the Bankruptcy Act to give the debtor a 'new opportunity in life and a

clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt. The various provisions of the Bankruptcy Act were adopted in the light of that view and are to be construed when reasonably possible in harmony with it so as to effectuate the general purpose and policy of the act.' Local Loan Co. v. Hunt, 292 U.S. 234, 244–245 [54 S.Ct. 695, 699, 78 L.Ed. 1230] (citations omitted)."

■ Here we are not dealing with wages or vacation pay but rather with a cause of action for personal injuries filed by the bankrupt prior to the filing of the bankruptcy petition. Since the Chandler Act amendments of 1938 it has been well settled that title to such causes of action vest in the trustee if under state law such causes of action are subject to attachment, execution, garnishment, sequestration, or other judicial process. Collier on Bankruptcy (14th Ed.) Vol. 4A Section 70.28 page 390 et seq.

A finding that such a cause of action is "Property" must follow when viewed in the normal processing of a bankruptcy estate. A bankrupt in the hands of experienced bankruptcy counsel will list all obligations including any obligations arising out of any personal injury. We cannot limit our observation to doctor and hospital bills alone. Many loans from banks, credit unions and finance companies frequently relate back to a personal injury and the subsequent loss of earnings. Since all of these creditors are listed, these debts are generally dischargeable unless determined to be nondischargeable after a hearing by the Court pursuant to Section 17 of the Bankruptcy Act (11 U.S.C. § 35). To hold that the rights of the bankrupt in a personal injury cause of action are not "property" would permit the bankrupt to be discharged from his obligations and then receive a windfall upon recovery, if any, for the pending litigation.

Placing title to the cause of action in the trustee would permit all creditors to benefit from whatever recovery realized. To rule otherwise would turn back the clock several decades and once again revive the "race to the Courthouse".

It is the determination of this Court that the rationale of Lines v. Frederick, supra has no application to the matter before this Court.

■ Accordingly, it is the ruling of this Court that title to the pending personal injury action vests in the trustee.

Counsel for the Trustee shall, pursuant to Local Rule No. 7 of the Rules of the United States District Court for the Central District of California, prepare and lodge Findings of Fact, Conclusions of Law and an appropriate Order within five (5) days.

DATED: February 18, 1972

(s) James E. Moriarty
JAMES E. MORIARTY
Referee in Bankruptcy

Findings of Fact, Conclusions of Law and Order on Trustee's Application to Determine Ownership of Pending Cause of Action

At Los Angeles, California, in said district on March 3, 1972.

The matter of the Application of Richard M. Moneymaker, Trustee in Bankruptcy herein, to Determine Ownership of Pending Cause of Action came on duly to be heard before the undersigned Referee in Bankruptcy on October 4, 1971. The Trustee appeared through counsel, Danning & Gill by David A. Gill. Bankrupts appeared through counsel, Goldman, Goldman & Arnold, by Leonard A. Goldman. There being no dispute as to the underlying facts herein, and the Court having considered the files and records of these proceedings, and there having been admitted in evidence by stipulation of the parties subsequent to said hearing, a certain letter from Honorable Edwin L. Z'Berg, Member, Assembly, California State Legislature, and the Court having rendered its Memorandum of Decision herein on February 18, 1972, the Court being fully advised, does

now hereby make its Findings of Fact and Conclusions of Law as follows:

## FINDINGS OF FACT

1. Andrew R. Kanter filed an action in the Superior Court of the State of California for the County of Los Angeles, on March 31, 1970, entitled Andrew R. Kanter, Plaintiff vs. Karen L. Barlett, Mary McCarthy, Does I through X inclusive, Defendants, which suit was assigned case number 973912. The action sought recovery of special and general damages for injuries to the person of Andrew R. Kanter, by virtue of alleged negligence on the part of Defendants, with respect to a motor vehicle accident on or about March 1, 1970.

2. On April 19, 1971, while said action was pending, Andrew R. Kanter, and his wife, Carole Kanter, filed the within voluntary bankruptcy proceedings. A First Meeting of Creditors was conducted on May 19, 1971, at which time Richard M. Moneymaker was appointed as Trustee in Bankruptcy of Andrew and Carole Kanter, thereafter qualified, and has at all times since been and now is the duly qualified and acting Trustee in Bankruptcy of each of them.

3. At the First Meeting of Creditors, Bankrupts objected to administration by the Trustee of special damages arising from the said lawsuit, claiming that the same was not an asset of the estate. The Trustee thereafter filed the within action seeking a determination whether or not said law suit including general and special damages therein claimed, was an asset of the estate administrable by him for the benefit of creditors.

4. Substantial debts to creditors were scheduled by Bankrupts arising out of medical bills and other expenses relating to said accident, which debts have been discharged by virtue of this Court's order of Discharge thereafter entered.

5. As a matter of fact, the Court finds that the purpose and effect of California Code of Civil Procedure § 688.1 (b) is to deprive Trustees in Bankruptcy, alone among creditors, of the right to obtain said causes of action and proceeds thereof for the benefit of creditors, and is, in fact, discriminatory against Trustees in Bankruptcy and bankruptcy creditors as a class, and would place them in a position worse than the position of other creditors had bankruptcy not occurred.

6. Insofar as any of the hereinafter detailed Conclusions of Law also constitute Findings of Fact, each is incorporated herein by this reference.

## CONCLUSIONS OF LAW

1. Insofar as any of the hereinabove Findings of Fact may also constitute Conclusions of Law, each is incorporated herein by this reference.

2. Under California law, pursuant to California Code of Civil Procedure § 688.1, judgment creditors of plaintiffs in actions for personal injuries pending in the California Courts may sequester such causes of action, in the manner designated in said Code section. Any judgment creditor of Andrew R. Kanter could have sought sequestration of said cause of action at any time material hereto.

3. Since 1964, at least, it has been the law in California that causes of action for negligently caused injuries to the persons and properties of bankrupt became assets of their bankrupt estates, administrable by the Trustee in Bankruptcy for the benefit of creditors and others entitled to participate in said estates based upon Bankruptcy Act §§ 70a (5) and 70c (11 U.S.C. §§ 110a(5) and 110c respectively), Carmona v. Robinson (9th Cir. 1964) 336 F.2d 518. § 70a(5) provides that the Trustee shall be vested with rights of action of Bankrupts if, under the laws of the State such rights of action are subject to "attachment, execution, garnishment, sequestration, or other judicial process." § 70c provides that the Trustee shall have the powers of creditors having judgments as of the date of Bankruptcy, whether or not such creditors actually exist.

4. Effective November 23, 1970, C.C.P. § 688.1 was amended by the Cali-

fornia Legislature, to add a new subsection, as follows:

"(b) Nothing in this section shall be construed to permit an assignee by operation of law of a party to a personal injury action to acquire any interest in or lien rights upon any moneys recovered by such party for general damages."

Said statute affects the subject cause of action, and, if enforceable, would bar administration herein of such cause of action.

5. The intention of the Legislature of California in enacting said amendment is, as is clear from the face of the enactment, and from statements of the drafters thereof, to prevent Trustees in Bankruptcy from succeeding to said causes of action, while permitting all other judgment creditors to continue to utilize C.C.P. § 688.1 to sequester such property.

6. Irrespective of intention of the Legislature, in enacting C.C.P. § 688.1 (b), the obvious effect of such statute, if enforceable, would be to prevent Trustees in Bankruptcy from administering such causes of action for creditors, while in no way prohibiting any other qualified person from seeking to sequester such cause of action.

7. The policy of the Bankruptcy Act as embodied in the Act generally, and in §§ 70a and 70c specifically, is to prevent "creditor racing" and to permit administration of all assets by the Trustee for the benefit of all creditors thereof, when such assets could have been levied upon or sequestered by any actual or hypothetical judgment creditors.

8. Both the intendment of the framers of C.C.P. § 688.1(b) and the effect of § 688.1(b) (irrespective of said intention) is to discriminate against Trustees in Bankruptcy only, and to deny to creditors in bankruptcy proceedings rights granted to creditors where bankruptcy has not occurred.

9. The method to determine whether or not a state statute is in conflict with a federal statute and should be there-fore stricken or disregarded under Article VI, Clause 2 of the Constitution of the United States ("Supremacy Clause") requires analysis of the effect of the state statute and the federal statute and then determining whether the two conflict. The purpose and effect of the state statute here challenged is to prevent Trustees in Bankruptcy alone of all creditors from marshalling such lawsuits (at least the general damage portions thereof) for benefit of creditors. This clearly conflicts with the purpose of Bankruptcy Act § 70, and should therefore fall under the Supremacy Clause.

10. California C.C.P. § 688.1(b) denies to Trustees in Bankruptcy and creditors of bankrupts the equal protection of the laws, and is in contravention of the Fourteenth Amendment to the Constitution of the United States.

■ 11. C.C.P. § 688.1(b) is not an exemption statute. The Bankruptcy Court has the power to construe state statutes, even exemption statutes, where there are no state decisions construing same, or where there are conflicting cases. Here there are no cases construing C.C.P. § 688.1(b). Even were this statute couched in terms of exemption, since it is applicable only in case of bankruptcy and against Trustees only and not against creditors where bankruptcy does not occur, its intention and effect is not to create an exemption but to prevent administration of such assets for creditors only in the Bankruptcy context, as distinguished from exempting such asset from all creditors. States may not modify the Bankruptcy Act through the semantic device of calling such a statute an exemption. Here there is no language of exemption in the challenged statute, nor is its effect such as to create an exemption under state law, nor would language of exemption alter this Court's opinion as to its unconstitutionality.

■ 12. Causes of action for general damages arising out of injuries to the persons or property of persons are not so closely related to the earnings of plaintiffs or their financial rehabilitation as to bring into play the doctrine of

Sniadach v. Family Finance Corp. (1969) 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349, and/or Lines v. Frederick (1970) 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124.

13. The Memorandum Opinion of this Court entered February 18, 1972, is incorporated herein by this reference.

14. C.C.P. § 688.1(b) does not, nor could it, modify the existing law to the effect that rights of action for personal injuries filed by bankrupts and pending at date of bankruptcy are administrable in bankruptcy for the benefit of creditors.

15. Bankrupt Andrew R. Kanter has a duty to cooperate with the Trustee in administration of his estate, including the obligation to cooperate in prosecution of said law suit.

16. The Court has jurisdiction over the parties and the subject matter of this action.

(s) James E. Moriarty

Referee in Bankruptcy

### Order Determining Ownership of Pending Law Suit

At Los Angeles, California, in said District on March 3, 1972.

The matter of the Application of Richard M. Moneymaker, Trustee in Bankruptcy herein, to Determine Ownership of Pending Cause of Action came on duly to be heard before the undersigned Referee in Bankruptcy on October 4, 1971. The Trustee appeared through counsel, Danning & Gill by David A. Gill. Bankrupts appeared through counsel, Goldman, Goldman & Arnold by Leonard A. Goldman. There being no dispute as to the underlying facts herein, and Court having considered the files and records of these proceedings, and additional evidence theretofore adduced by stipulation, having rendered its Memorandum Opinion herein on February 18, 1972, and having made and entered its Findings of Fact and Conclusions of Law, the Court being fully advised, it is

Ordered, Adjudged and Decreed:

1. Richard M. Moneymaker, Trustee in Bankruptcy of Andrew R. Kanter, bankrupt is vested with ownership of that certain law suit entitled Andrew R. Kanter, Plaintiff, vs. Karen L. Barlett, Mary McCarthy, Does I through X inclusive, Defendants, Superior Court of the State of California for the County of Los Angeles, Case number 97312, both as to special and general damages thereof, and the whole thereof, free of any claim thereon by bankrupt Andrew R. Kanter.

2. Andrew R. Kanter be and he is ordered and directed to cooperate fully in any reasonable manner with the Trustee in Bankruptcy in furtherance of prosecution of said law suit.

(s) James E. Moriarty

Referee in Bankruptcy