**In the Matter of Andrew KANTER and Carole Kanter, Bankrupts.**

**Andrew R. KANTER and Carole Kanter, Petitioners-Appellants,**

**v.**

**Richard M. MONEYMAKER, Trustee, Respondent-Appellee.**

**No. 73–1024.**

United States Court of Appeals, Ninth Circuit.

Nov. 1, 1974.

Leonard A. Goldman (argued), of Goldman, Goldman & Arnold, Los Angeles, Cal., for petitioners-appellants.

Gary J. Miller (argued), of Danning, Gill & Michaelson, Sherman Oaks, Cal., for respondent-appellee.

## OPINION

Before WRIGHT and GOODWIN, Circuit Judges, and EAST, District Judge.[*]

EUGENE A. WRIGHT, Circuit Judge:

The appellant, Andrew Kanter, sustained injuries in an automobile accident in March 1970. In March of the following year, he filed suit in state court and two weeks later petitioned for adjudication as a bankrupt. The trustee, appellee herein, asserted that the personal injury lawsuit was an asset of the bankrupt estate and sought a determination to that effect by the bankruptcy judge.

The bankruptcy judge found that among Kanter's debts were substantial medical bills resulting from the accident which was the subject of the state court action. The judge concluded that title to the personal injury action vested in the trustee and this was affirmed by the district court. In Re Kanter, 345 F. Supp. 1151 (C.D.Cal.1972).

The question before the district court and before us is whether Cal.Code Civ. Pro. § 688.1(b) [1] so frustrates the full effectiveness of sections 70, sub. a(5) [2]

[*] Of the District of Oregon.

1. Nothing in this section shall be construed to permit an assignee by operation of law of a party to a personal injury action to acquire any interest in or lien rights upon moneys recovered by such party for general damages.

2. 70, sub. a(5), 11 U.S.C. § 110(a)(5) (1970):

"The trustee . . . shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under his Act, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located . . . (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: *Provided*, That rights of action ex delicto for . . . injuries to the person of the bankrupt . . . shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process. . . ."

and 70, sub. c of the Bankruptcy Act that it is rendered invalid by the Supremacy Clause, Art. VI, Cl. 2. The district court found that the California law was in conflict with the Bankruptcy Act and declared the state provision unconstitutional. We affirm.

In Carmona v. Robinson, 336 F.2d 518 (9th Cir. 1964), we held that the predecessor to § 688.1 permitted a trustee in bankruptcy to include a personal injury action of the bankrupt among the estate's assets, pursuant to § 70, sub. a(5) of the Bankruptcy Act. Subsequent to *Carmona,* California amended its law in an attempt to deny this right to the trustee, adding subsection (b) to former § 688.1. The legislative sponsor of the amendment stated:

> The legislation was necessary since I was under the opinion that the law was then that—general damages in a personal injury cause of action, were assets of the bankrupt estate. And it was my desire to change this and the legislature obviously agreed when they enacted the bill.[3]

The estate of the bankrupt does not include property which is exempt under state law, §§ 6 and 70, sub. a, Holden v. Stratton, 198 U.S. 202, 25 S.Ct. 656, 49 L.Ed. 1018 (1905). State law controls as to the validity of a particular exemption claim, In Re Jackson, 472 F.2d 589, 590 (9th Cir. 1973), and the exemption statutes of California are to be applied with liberality, Love v. Menick, 341 F.2d 680, 682 (9th Cir. 1965).

California obviously has the right to amend its law to expand the classes of property which are exempt from the claims of creditors, seeking to give debtors a "new opportunity in life and a clear field for future effort," one of the goals of the Bankruptcy Act, Lines v. Frederick, 400 U.S. 18, 19, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970), citing Local Loan v. Hunt, 292 U.S. 234, 244, 245, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). Such an expanded exemption would, by operation of § 6 and § 7, sub. a or § 70, sub. a(5), remove the exempted property from the reach of the trustee in bankruptcy.[4]

■ The district court approved the finding of the bankruptcy judge that § 688.1(b) is not an exemption statute, *Kanter, supra* 345 F.Supp. at 1155. We agree. The Bankruptcy Act recognizes the exemptions provided by state law in an effort to assist the bankrupt in making a fresh start, to protect the expectations of creditors and debtors under state law, and to eliminate any inducement for creditors to seek involuntary bankruptcy petitions as a means of reaching assets unavailable to them in state courts because of exemption provisions.

■ However, in recognizing state exemptions Congress did not provide the states with a free hand to circumscribe the powers of the bankruptcy trustee. It merely sought to recognize the limitations imposed by state law on the ability of creditors to reach the assets of debtors. "[I]f such exempt property is not subject to levy and sale under those statutes, then it cannot be made to respond under the act of Congress." Smalley v. Laugenour, 196 U.S. 93, 97, 25 S.Ct. 216, 217, 49 L.Ed. 400 (1905), Flickinger v. McGavick, 262 F.2d 593, 594 (9th Cir. 1958); 1A Collier on Bankrutcy ¶ 6.-14 at 869.

Section 688.1 is not such a general exemption provision. It specifically permits judgment creditors to obtain a lien on a debtor's cause of action, and only limits the power of an "assignee by operation of law," a term intended to reach the trustee in bankruptcy.[5] Hence it cannot be an exemption provision

---

3. Statement of Honorable Edwin L. Z'Berg, Member of Assembly, California Legislature, draftsman of section 688.1(b), cited in *Kanter, supra* 345 F.Supp. at 1154.

4. *Carmona, supra*; Skelton v. Clements, 408 F.2d 353 (9th Cir. 1969) ; In Re Calestini, 321 F.Supp. 1313 (N.D.Cal.1971).

5. Statement of Honorable Edwin L. Z'Berg, *Kanter, supra*, 345 F.Supp. at 1154. Note

within the meaning of §§ 6 and 70, sub. a.

Similarly § 688.1 falls within the proviso in § 70, sub. a(5) since it specifically subjects a debtor's cause of action to judicial process.

The operative effect of § 688.1(b) limits the powers of the trustee under § 70, sub. c:

> The trustee shall have as of the date of bankruptcy the rights and powers of: (1) a creditor who obtained a judgment against the bankrupt upon the date of bankruptcy, whether or not such a creditor exists . . . .

11 U.S.C. § 110(c) (1970). It seeks also to prevent the vesting of the debtor's cause of action in the estate through the operation of § 70, sub. a(5).

In Perez v. Campbell, 402 U.S. 637, 644, 91 S.Ct. 1704, 1708, 29 L.Ed.2d 233 (1971), the Court held in invalidating an Arizona statute which conflicted with the provisions of the Bankruptcy Act that:

> Deciding whether a state statute is in conflict with a federal statute and hence invalid under the Supremacy Clause is essentially a two-step process of first ascertaining the construction of the two statutes and then determining the constitutional question whether they are in conflict.

The Supreme Court has held that "one of the prime purposes of the bankruptcy law has been to bring about a ratable distribution among creditors of a bankrupt's assets; to protect the creditors from one another." Young v. Higbee Co., 324 U.S. 204, 210, 65 S.Ct. 594, 597, 89 L.Ed. 890 (1945); Hassen v. Jonas, 373 F.2d 880 (9th Cir. 1967). To this end, "The main thrust of § 70(a)(5) is to secure for creditors everything of value the bankrupt may possess in alienable or leviable form when he files his petition." Lines v. Frederick, 400 U.S. 18, 19, 91 S.Ct. 113 (1970), citing Segal v. Rochelle, 382 U.S. 375, 379, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).

There has been no state court opinion construing § 688.1(b). However, its intent seems clear in light of the statement of its legislative sponsor, *supra*. Moreover, the district court has construed the statute unequivocally to apply to the trustee and to limit his powers, 345 F.Supp. at 1156. We have held that "a district judge's interpretation of the law of the state where he sits will not be overturned unless clearly wrong, particularly if the highest state court has not passed on the matter." Douglas v. Beneficial Finance Co. of Anchorage, 469 F.2d 453, 455 (9th Cir. 1972).

Section 688.1(b) thus "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Hines v. Davidowitz, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941), since it would operate to deny to the trustee assets which could ordinarily be reached in satisfying the claims of general creditors. Subsection (b) revives the race to the courthouse [6] by creditors seeking to avoid the threat of having both their claims discharged and the assets necessary to satisfy them denied to the trustee. As the Court noted in *Perez, supra* at 652, 91 S.Ct. at 1712, "any state legislation which frustrates the full effectiveness of federal law is rendered invalid by the Supremacy Clause."

Since we decide this case on the basis of the Supremacy Clause, we need not consider whether § 688.1(b) is also infirm as a violation of the Equal Protection Clause of the 14th Amendment.[7]

The decision of the district court is affirmed.

---

that the reach of the phrase arguably is broader since there are other assignees by operation of law, *e.g.*, Cal.Code Lab. § 3852; Cal.Code Ins. § 11662; *cf.* Morris v. Standard Oil Co., 200 Cal. 210, 252 P. 605 (Sup. Ct.Cal.1926).

6. Takehara v. H. C. Muddox Co., 8 Cal.3d 168, 104 Cal.Rptr. 345, 501 P.2d 193 (Cal. Sup.Ct.1971).

7. *Kanter, supra* at 1159.