**Jack R. SIMPSON, Plaintiff,**

v.

**ALASKA STATE COMMISSION FOR HUMAN RIGHTS, Intervenor,**

v.

**PROVIDENCE WASHINGTON INSURANCE GROUP, a Foreign Corporation, Defendant.**

**Civ. No. A76–85.**

United States District Court, D. Alaska.

Dec. 8, 1976.

Paul L. Davis, Edgar Paul Boyko & Associates, Anchorage, Alaska, for plaintiff.

Carolyn E. Jones, Asst. Atty. Gen. of Alaska, Dept. of Law, Anchorage, Alaska, for intervenor.

Mary Hughes Patch, of Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, Alaska, for defendant.

## MEMORANDUM AND ORDER

VON DER HEYDT, Chief Judge.

THIS CAUSE comes before the court on plaintiff's motion to dismiss affirmative defenses. Fed.R.Civ.Pro. 12(f) & 12(h)(2). Plaintiff's complaint in this action was originally filed in the Superior Court for the State of Alaska. It was removed to this court based on diversity of citizenship. 28 U.S.C. § 1441.[1]

The factual basis for the claim is that the defendant allegedly discriminated against the plaintiff on the basis of age when plaintiff was terminated from his employment after reaching age 65. Plaintiff relies on Alaska Statute Sec. 18.80.220(a)(1)[2] which states, *inter alia:*

"It is unlawful for an employer to refuse employment to a person, or to bar him

---

1. An issue of the necessity of joinder of an indispensible Alaska defendant which would destroy diversity was informally raised in these proceedings. At oral argument on the present motion counsel for the defendant stipulated to facts establishing the present defendant as the real party in interest and further stipulated that the present defendant was the real party in interest. On the basis of these stipulations the court has determined that all necessary and indispensible parties have been joined and that jurisdiction is proper.

2. Although the amended complaint served on the defendant referred to A.S. § 18.80.2201(a) instead of A.S. § 18.80.220(a)(1) this technical error is immaterial in view of the fact that there is no Alaska Law so numbered which would mislead the defendant and the complaint particularly averred to age discrimination. *See* 5 Wright & Miller, *Federal Practice and Procedure,* § 1215, p. 108–111.

from employment, or to discriminate against him in compensation or in a term, condition, or privilege of employment because of his race, religion, color or national origin, or because of his age . . . when the reasonable demands of the position do not require distinction on the basis of age . . . ."

A.S. § 18.80.220(a)(1) (amended § 9 ch. 104 S.L.A. 1975).

Defendant filed an amended answer containing three affirmative defenses. They are (1) that the complaint fails to state a claim upon which relief can be granted; (2) that the federal government has preempted the field of age discrimination by passage of the Federal Age Discrimination in Employment Act of 1967 (hereinafter FADEA), 29 U.S.C. § 621 *et seq.*; and (3) that the Alaska statute has an implied upper operative limitation of 65 years of age.

■ The court notes that it should be cautious prior to granting a motion to dismiss affirmative defenses. A defendant should be given the opportunity to prove his allegations if there is any possibility that the defense might succeed on the merits. However, if the defense asserted is invalid as a matter of law such a determination should be made at an early stage to enable the parties to proceed with the litigation in the proper posture.[3] *Purex Corp. Ltd. v. General Foods Corp.*, 318 F.Supp. 322, 323 (C.D.Cal.1970). *See also* 5 Wright & Miller, *Federal Practice and Procedure*, § 1381, pp. 800–801. In this instance the availability of the affirmative defenses is purely a question of law and the court feels it is proper to proceed with the issue at this time.

*The State Statute*

The construction of an age discrimination statute which does not contain a specific upper age limitation appears to be a question of first impression.[4] In addition to delineating the scope of the statute itself such a construction of the statute is the first step necessary to determine if the FADEA has preempted the states in the field of age discrimination. *In Re Kantor*, 345 F.Supp. 1151, 1155 (C.D.Cal.1972); aff'd 505 F.2d 228.

■ On its face the Alaska statute in question contains no age limitations.[5] The statute unequivocally states that there shall be no discrimination based on age. Defendant seeks to imply an upper age limitation of 65 years of age into this statute on several theories. Defendant contends that 65 is the universally recognized age of retirement and that the Alaska Legislature must have intended to so limit this statute. The court cannot accept the premise upon which this conclusion rests. While it is true that many retirement programs require retirement at 65 such an age is hardly recognized as a universal constant. Without belaboring the innumerable exceptions to this alleged universally accepted age of retirement, the court notes that the retirement age for civil service employees is 70. 5 U.S.C. § 8335.

Further support for the conclusion that there is no implied upper limitation is contained in the statutory scheme itself. In the declaration of purpose the Alaska legislature stated that the statute was not intended "to supercede laws pertaining to child labor, the age of majority or other age restrictions or requirements." A.S. § 18.-80.200(b). This indicates that the legislature was well aware that the term "age" was open ended and, therefore, certain limitations were placed on the operation of the statute. Conspicuously absent are any restraints on the upper end of the spectrum.

3. It is worthy of note that defendant has not objected to this procedure and apparently desires to have these legal issues resolved at an early stage in the litigation.

4. The court has considered the possibility of abstention as this case involves the construction of a state statute which has not been addressed by this state's courts nor have similar statutes been construed by the courts of any other jurisdiction. However, due to the very nature of this claim time is a crucial factor and the state statute does not appear to be ambiguous so as to warrant abstention.

5. At oral argument defendant's counsel stated, "As read it applies to persons of all ages."

It is against precisely the type of retirement policy and frame of mind challenged herein that much criticism has been leveled. *See e.g.* Note—*Mandatory Retirement—A Vehicle for Age Discrimination*, 51 Chi-Kent L.Rev. 116 (1974); Note—*Age Discrimination in Employment: Correcting a Constitutionally Infirm Legislative Judgment*, 47 So.Cal.L.Rev. 1311 (1974); *Age Discrimination in Employment*, 50 N.Y.U.L. Rev. 924 (1975); *Constitutional Attacks on Mandatory Retirement: A Reconsideration*, 23 U.C.L.A.L.Rev. 549 (1976); *Mandatory Retirement: The Law, the Courts, and the Broader Social Context*, 11 Willamette L.J. 398 (1975). It is also against this type of policy that statutes such as Alaska's were enacted and the court will not frustrate the purpose of the statute by adopting an implied interpretation which reflects the state of mind that initially impelled legislative action.

■ Anticipating this construction by the court defendant mounts several direct attacks upon the statute other than preemption. Defendant maintains that such construction will result in a vague and overbroad statute which is capable of arbitrary enforcement. Assuming that an objection of this nature is available [6] it is without merit. As construed the statute, with certain exceptions, absolutely prohibits discrimination based on age. It is not vague and is not overly broad.[7] As written it precisely defines an employer's duty and applies only to persons whose age is the reason for the discriminatory practice.

The court is unable to ascertain how this statute will produce arbitrary enforcement while one with an upper limit will not.

This statute will only include more people under its protective scheme.

■ As a final argument against the facial validity of this statute defendant asserts that any construction which extends the uniform requirements of the FADEA will result in an unreasonable restraint on interstate commerce. It is defendant's contention that various standards in different states will produce chaos for interstate businesses. This assertion is not well taken. The necessity of complying with varying state laws is the price that an interstate business pays for operating in our system of government. This regulation does not discriminate against interstate businesses and is indistinguishable from a plethora of other regulations which vary from state to state.[8] *See generally Great Atlantic & Pac. Tea Co. v. Cottrell*, 424 U.S. 366, 96 S.Ct. 923, 47 L.Ed.2d 55 (1976). Interstate employers will have to tailor their retirement programs to provide for these differences.[9]

*Federal Preemption*

■ Defendant next contends that the FADEA either partially or entirely preempts the state from legislating in the field of age discrimination. Preemption occurs when compliance with both federal and state regulations is physically impossible, the nature of the subject matter requires federal supremacy and uniformity, or Congress intended to displace state legislation. *Florida Lime and Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–48, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963).

It is obvious that it is possible physically to comply with both the federal and state statutes. The federal statute prohibits em-

---

6. Plaintiff's counsel maintains that when the court is involved in the construction of statutes of this nature, as opposed to criminal statutes, they are to be liberally rather than narrowly construed.

7. It is again worthy of note that if age results in physical or mental inability to perform, mandatory retirement may be allowed as the statute only prohibits age discrimination "when the *reasonable demands of the position* do not require distinction on the basis of age." A.S. § 18.80.220(a)(1) (Emphasis added).

8. Worker's compensation acts are cited by plaintiff as an excellent example of varying state regulations.

9. In regard to the argument that it may be difficult to ascertain what law applies to mobile employees the short answer is that the issue is not present in this case. In addition the court is certain that state and federal agencies and courts will be able to solve the problem when presented with a specific situation.

ployment discrimination based on age for persons 40 through 64. 29 U.S.C. § 631. Compliance with both statutes is possible even though Alaska's statute is more inclusive than the federal statute. Defendant does not contend otherwise.

Nor does defendant vigorously contend that Congress has expressly or impliedly created an area of federal exclusivity which denies the states the power to legislate in the field. This position is mandated by the FADEA itself which expressly anticipates and encourages state regulation. 29 U.S.C. § 633(a) specifically states that the federal law will not affect the jurisdiction of state agencies performing like functions and 29 U.S.C. § 633(b) gives state proceedings some priority over federal actions in the area.

The essence of defendant's attack is based on the theory that the FADEA has preempted state statutes to the extent that such statutes are broader than the federal law. Under this theory any state age discrimination statute would be confined to the ages 40 to 64. Such a construction would affect several other states with employment discrimination statutes using only the term "age" [10] as well as others which specifically delineate limits beyond the federal bounds.[11]

This doctrine of "partial preemption," if available at all, does not apply to this case. In the field of employment practices states possess broad authority under their police powers and state laws in the field are not easily preempted. *See DeCanas v. Bica*, 424 U.S. 351, 356–58, 96 S.Ct. 933, 47 L.Ed.2d 43 (1976). Nothing in the scope or intent of the FADEA indicates that Congress intended to oust the states from this area of concern. Defendant points to the section in the FADEA allowing states to perform "like functions" [29 U.S.C. § 633(a)] and attempts to draw the

conclusion that banning discrimination beyond 64 is an unlike function and preempted. This contention is without merit. Had Congress used the term "same" it would have provided stronger support for defendant's argument. Beyond that, however, the legislative history shows that Congress intended only to establish "minimum" standards in the FADEA. *See* 113 Cong.Rec. 1377 (Jan. 24, 1967) (Letter from Secretary Wirtz); 113 Cong.Rec. 2467 (Feb. 3, 1967) (Comments of Senator Yarborough); 113 Cong.Rec. 34740–41 (Dec. 4, 1967) (Comments by Congressman Perkins).

Generally conflicts in legislation should not be sought out where none exist. *Joseph E. Seagram & Sons v. Hostetter*, 384 U.S. 35, 45, 86 S.Ct. 1254, 16 L.Ed.2d 336 (1966). Where the statutes work in a complementary manner the case for preemption is weak. *New York State Dept. of Social Services v. Dublino*, 413 U.S. 405, 422, 93 S.Ct. 2507, 37 L.Ed.2d 688 (1973). Since there are no specific conflicts between the state and federal statutes and since Congress has expressly left the states the power to act in this field, the fact that Alaska has gone beyond the federal government in enacting a complementary scheme in this area does not make the Alaska law void. The Alaska law preceded the federal law by two years and nothing in the federal law indicates an intent to limit the Alaska statute.

The complaint in this case alleges discrimination based solely on age. A claim for relief is stated and the first affirmative defense is invalid.

### Certification

Because of the nature of this case and as this order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from this order may materially ad-

---

10. *See* e.g. Hawaii Revised Statutes, § 378-2(1); Illinois Statutes, ch. 48 § 881 ("age"—over 45); Revised Codes of Montana, § 64–306; Nevada Revised Statutes, 613.330; New Hampshire Revised Statutes, 354–A:8; New Jersey Statutes 10:5–4.

11. *See* e.g. Michigan Compiled Laws, 423.303a, Sec. 3a(a)[18–60]; Consolidated Laws of New York, Book 18, Executive Law, § 296, 3-a(a)[18–65]; Oregon Revised Statutes, 659.-024[18–65].

vance the ultimate termination of the litigation these issues are certified for appeal pursuant to 28 U.S.C. § 1292.

Accordingly IT IS ORDERED:

THAT plaintiff's motion to dismiss affirmative defenses is granted.