**In re Thomas Arthur TEEL, Debtor.**

**Yvonne Cecile TEEL, Appellant,**

v.

**Thomas Arthur TEEL and William B. Grover, Trustee, Appellees.**

BAP No. NC 82–1450 EVAs.
Bankruptcy No. 1–81–01238.
Adv. No. 1–82–0459.

United States Bankruptcy Appellate Panels, of the Ninth Circuit.

Argued May 20, 1983.
Decided Oct. 27, 1983.

John G. Warner, Corte Madera, Cal., for appellant.

Irving J. Kornfield, Oakland, Cal., for appellees.

Before ELLIOTT, VOLINN and ASH-LAND, Bankruptcy Judges.

## MEMORANDUM

This is an appeal from an order granting relief from stay to pursue a marital dissolution action in the state court, but reserving jurisdiction over community property. Appellant, the debtor's spouse, contends that the trial court erred in refusing to allow the community property issues to be heard in the state court. We affirm.

The debtor, Thomas Arthur Teel, and appellant, Yvonne Cecile Teel, were married in 1977. On September 15, 1980 they separated. Appellant filed for dissolution of their marriage in the Superior Court of the State of California, County of Marin, on September 18, 1980. Among other relief sought, appellant requested the restoration of her maiden name, spousal support, attorney's fees, and the division of the community property. The debtor filed a voluntary petition under Chapter 7 on September 24, 1981.

On July 7, 1982, appellant filed a motion, later amended to a complaint, for relief from the automatic stay in order to allow the dissolution action to proceed in state court. Appellant sought to have the bankruptcy court abstain from exercising its jurisdiction over the community property of the debtor, and allow the state court to decide all issues attendant to the dissolution of marriage. In the alternative, appellant requested that the trustee be required to engage in settlement negotiations with her, before being permitted to commence any adversary proceedings seeking to adjudicate disputes over the community property.

The trustee responded with a motion to dismiss the complaint on the grounds that it failed to state a claim for which relief could be granted. The trustee apparently agreed that appellant should have relief from stay to pursue her dissolution action, including her prayer for support and attorney's fees; however, the trustee objected to allowing the state court to divide the community property, arguing that such a division "would be completely irrelevant, because regardless of Plaintiff's share of community property, all of the community property is property of the Debtor's estate under 11 U.S.C. § 541(a)(2)." Excerpts of Record, p. 12.

The trial judge agreed with the trustee that although appellant might not be personally responsible for the debts of her husband, her share of the community property likely would be. Accordingly, the judge granted relief from stay with respect to the status portion of the dissolution proceeding (including alimony, support and attorney's fees), but otherwise granted the motion to dismiss the complaint. Judgment to that effect was entered on October 5, 1982.

## ISSUE ON APPEAL

Appellant concedes that "the bankruptcy court has jurisdiction, probably exclusive jurisdiction, to *distribute* whatever property exists at the time the bankruptcy estate is created." However, appellant goes on to argue that the distribution must follow a division of community property by the state court. Appellant argues that the trial court committed reversible error in precluding a state court division of the community property prior to the distribution of the bankruptcy estate. Appellant suggests that the state court should be the final arbiter of whether community property should be available to satisfy a spouse's separate debts, and that a result to the contrary would be constitutionally impermissible. Finally, appellant argues that insofar as findings of fact following trial on the merits were never prepared, the trial court's decision cannot be reviewed on the clearly erroneous standard suggested by the trustee.

Section 541(a) of the Bankruptcy Code provides, in part, that:

> The commencement of a case under ... this title creates an estate. Such estate is comprised of all of the following property, wherever located:

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is

(A) under the sole, equal or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

In California, with exceptions not here relevant, each spouse has management and control of community property, California Civil Code §§ 5125 and 5127. In addition, California Civil Code § 5116 provides that:

The property of the community is liable for the contracts of either spouse which are made after marriage and prior to or on or after January 1, 1975.

■ Therefore, the community property of appellant and the debtor is property of the estate under both § 541(a)(2)(A) and (B).

This result is not new with the Bankruptcy Reform Act of 1978. The same result was obtained under the Bankruptcy Act of 1898. *Hannah v. Swift,* 61 F.2d 307, 310 (9th Cir.1932); *Wikes v. Smith,* 465 F.2d 1142 (9th Cir.1972).

In discussing the bankruptcy court's jurisdiction over community property under the new Code, the editors of *Colliers* state:

Frequently, a bankruptcy case is commenced by one spouse during the pendency of a dissolution or divorce proceeding. The bankruptcy petition terminates the jurisdiction of the divorce or dissolution court over, at least, the non-exempt assets of the spouses until all creditors are paid in full. The jurisdiction of the bankruptcy court is exclusive because the initiation of divorce or dissolution proceedings does not terminate either spouses management and control over community property by placing the community property in custodia legis of the divorce court.

4 *Collier on Bankruptcy* (15th Ed.1983) ¶ 541.15, citing *In re Cummings,* 84 F.Supp. 65, 69 (S.D., Cal.C.D.1949). *Collier* goes on to note:

[I]f legitimate creditor interests exist in the case of a solvent debtor involved in a divorce proceeding, a prudent approach would be for the bankruptcy court to expeditiously liquidate sufficient assets to pay creditors in full and then return the case to the dissolution court. This procedure has been recommended because the divorce or dissolution court is a wholly inadequate forum for resolving creditor claims.

*Id.,* citing for the last proposition, *In re Marriage of Eastis,* 47 Cal.App.3d 459, 463 n. 2, 120 Cal.Rptr. 861 (1975).

■ Appellant argues that the Bankruptcy Code cannot alter fundamental state law on division of community property. To the extent there is any conflict, the Bankruptcy Code will control under the supremacy clause, Article VI, Clause 2, of the United States Constitution. *In re Marriage of Cohen,* 105 Cal.App.3d 836, 164 Cal.Rptr. 672; *In re Kanter,* C.A.9th, 1974, 505 F.2d 228.

AFFIRMED.