In re Gary M. MERLINO, individually, as his separate estate, Debtor.

Gary M. MERLINO, individually, as his separate estate, Plaintiff,

v.

William WEINSTEIN, Trustee, Defendant.

Bankruptcy No. 84–00478–W7.
Adv. No. A84–0382.

United States Bankruptcy Court, W.D. Washington, Seattle Division.

July 1, 1986.

Phillip T. Hutchison, Casey, Pruzan & Kovarik, Seattle, Wash., for debtor.

William S. Weinstein, Weinstein & Hacker, Seattle, Wash., trustee.

Leland Bull Jr., Feinstein & Bull, Seattle, Wash., for Colorado Nat. Bank.

## MEMORANDUM DECISION AND ORDER

SIDNEY C. VOLINN, Bankruptcy Judge.

### INTRODUCTION

Colorado National Bank ("Bank") obtained a judgment in Colorado, a non-marital community state, against the separate estate of Gary M. Merlino ("Debtor") in the amount of $76,192. plus interest. The Debtor, his spouse, his assets and his business are located in Washington State which is a community property state. The Bank sought to collect the debt in the courts of Washington State which ruled that the Colorado judgment is a separate debt of the Debtor and neither his community estate nor the separate estate of his spouse are liable on the judgment. See *Colorado National Bank v. Merlino*, 35 Wash.App. 610, 668 P.2d 1304 (1983). The Bank further appealed to the Washington Supreme Court which declined to review the matter.

Thereafter, the Bank commenced an involuntary Chapter 7 proceeding against the Debtor in his separate capacity. The Debtor did not controvert the petition. An order for relief was entered and a trustee appointed. The Bank filed a creditor claim. The Debtor objected to the Bank's filed claim on the ground that it was not a community claim and not allowable against community assets; and further that community assets cannot be used to pay such claim. The matter was converted into this adversary proceeding in which the Debtor now moves for partial summary judgment under BR 7056 and FRCP 56 on the theory that the Bank does not have an allowable claim under 11 U.S.C. § 502(b)(1). Both the Bank and the trustee oppose the Debtor's motion contending that the Bank's claim is allowable and may be paid by distribution from any available estate property, whether community or separate in character. The Debtor denies this contention, asserting that allowable separate claims may be paid only from separate assets of the estate.

## FACTS

The Bank's judgment against the Debtor arose out of a transaction in Colorado whereby the Debtor purchased an interest in real property from a developer who subsequently filed for bankruptcy. After the Bank obtained relief from stay and foreclosed upon its collateral, it notified the Debtor that he should henceforth send his payments to it. The Debtor declined to tender any further payments and apparently did not contest the Bank's Colorado suit which resulted in the, judgment.

The Bank filed the Colorado judgment in Washington State and the Debtor's spouse intervened seeking a declaratory judgment that the debt is a separate debt of her spouse, not collectable from any community assets or her separate assets. The Superior Court decided the matter in her favor and the Court of Appeals affirmed. The Washington Supreme Court declined to review the case.

Thus, as far as Washington law is concerned, the Bank may not execute against community property or his spouse's separate property. However, the Court of Appeals did give full faith and credit to the Colorado judgment and permitted enforcement in Washington to the extent permitted under Washington law which would limit the Bank to the Debtor's separate estate. *Colorado National Bank v. Merlino, id.*

The Bank filed an involuntary chapter 7 petition against the separate estate of the Debtor. The Debtor admits that his separate estate is insolvent because, he contends, it has no assets and owes the Bank in excess of $76,000. Therefore, he permitted an order for relief to be entered without objection.

The debtor contends that all of his assets are community in character and admits that he has, at least, joint management and control, with his spouse, over all of them. The Debtor resides and carries on business of a substantial nature in this state. This business is a community asset. When the Bank filed its claim in the estate the Debtor objected to allowance of the claim as against any community property. The matter was converted into an adversary proceeding wherein the Debtor filed this motion for partial summary judgment which is opposed by both the trustee and the Bank.

## ISSUES

I. Does the Bank hold an allowable claim under 11 U.S.C. § 502?

II. If the claim is allowable, does 11 U.S.C. § 726 permit distribution of community property to satisfy the separate claim of the Bank?

## DISCUSSION

### I. ALLOWABILITY OF THE CLAIM

Section 101(4) defines a "claim" as a "... right to payment, whether or not such right is reduced to judgment ..." Section 101(9) defines a "creditor" as "an entity that has a claim against the debtor that arose at or before the order for relief concerning the debtor ..." or "an entity that has a community claim." The Bank, by virtue of its separate judgment against Merlino is a creditor holding a claim in this case.

The Debtor nevertheless contends that the Bank's claim is not an *allowable* claim under Section 502(b)(1) and therefore not entitled to any possible distribution of estate property under Section 726. Section 502 provides:

(a) A claim or interest, proof of which is filed ... is deemed allowed, unless a party in interest ... objects.

(b) ... if such objection is made, the court ... shall determine the amount of such claim ... and shall allow such claim ... except to the extent that—

(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law....

Therefore, the Bank's claim is allowable if it is enforceable against the debtor and the debtor's property under the laws of Washington State. The Washington State Court

of Appeals has ruled that the Bank's claim is enforceable in full against the Debtor's separate property. The Debtor does not dispute that. The fact that the Debtor may have no separate property does not disallow the Bank's claim which would ordinarily be enforceable in Washington State for 10 years from the entry of judgment. RCW 4.16.020. If the Debtor were to acquire separate property at any time during the effective period of the judgment, Washington law would permit its enforcement against that property. The Debtor, during the period of enforceability, could not defend against collection efforts by asserting that the claim is unenforceable and therefore void. He could merely prevent satisfaction of the claim until and unless there existed separate property. Therefore, it is clear that the Bank has an allowable claim in this proceeding.

## II. DISTRIBUTION OF COMMUNITY PROPERTY

### A.

While the Debtor has articulated the problem in terms of claim allowability, the Bank in its response to the motion has succinctly stated the basic issue: "The issue ultimately to be decided by this Court is whether under *Bankruptcy Law* the Bank's claim will be satisfied out of the debtor's estate ..." (Debtor's Response, p. 2)

11 U.S.C. § 541(a) creates an estate at the commencement of a bankruptcy case. Generally speaking, that estate includes all legal and equitable interests of the debtor in property which are in existence when the case is commenced. Section 541(a)(1). It also includes, under Section 541(a)(2):

All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—
(A) under the sole, equal, or joint management and control of the debtor; or
(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

It is uncontested that all of the Debtor's property of whatever character is subject to his control jointly with his spouse. Therefore, even though the Debtor's spouse is not a debtor in this or any other bankruptcy case, and even though the Bank's involuntary petition named as debtor only "Gary M. Merlino, individually as his separate estate", all of the Debtor's separate and community property is property of the estate. See *In re Teel,* 34 B.R. 762 (Brktcy.App. 9th Cir.1983). If, as the Debtor contends, he had no legal or equitable interest in separate property at the commencement of the case, and if none has entered since that time, the estate consists entirely of community property.

But the question is whether, in this separate bankruptcy, the Bank would be entitled to any distribution of community property under 11 U.S.C. Section 726. Subsection (c) of that Section sets forth rules for cases in which there exists community property in the estate. It requires that all such property shall be segregated from other estate property and distributed in the manner set forth in Section 726(c)(2)(A)–(D). If that scheme of distribution permits the payment of a separate claim from community property, the state law to the contrary might be superseded by the Bankruptcy Code under the Supremacy Clause, Article VI, Clause 2, of the United States Constitution. *In re Teel, supra; In re Kanter,* 505 F.2d 228 (9th Cir.1974). If, under the facts of this case, Section 726 would not result in a dividend to the Bank from community assets the issue will not be reached.

### B.

Community property in a bankruptcy case is segregated and distributed under Section 726(c)(2)(A)–(D) which creates four "subestates" as follows:

*Subestate A* consists of Section 541(a)(2) property (*i.e.* community property) which is available for payment of community claims.

*Subestate B* consists of Section 541(a)(2) property which is solely liable for claims against the debtor. That is, if there is a provision in State law for certain community property to be liable for debts of the debtor (presumably including separate debts) it would be available in bankruptcy for those same debts. *Colorado National Bank v. Merlino, id.* precludes that result here.

*Subestate C* consists of non–541(a)(2) property (*i.e.* separate property) which is available for satisfaction of separate claims as well as any community claims not satisfied in Subestates (A) and (B). It should be noted that non–541(a)(2) property includes 541(a)(3) property which consists of "any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title." It may be that the scheme mandated by the Code would at this point permit payment of a separate claim for recovery of transferred community assets under one of the denominated sections. That result might conflict with State law. In that event the Supremacy Clause issue would arise. However, this case has been pending since 1984 and there is no indication that such a recovery can or will occur.

*Subestate D* consists of all remaining property of the estate which the Code makes available to satisfy community claims not satisfied in the preceding subestates. It is available to satisfy separate claims.

It appears that the intent of the drafters of the Bankruptcy Code was to mirror state community property law as closely as possible. While the language is complex, this result has been achieved except, possibly, in Subestate C. See generally *Collier on Bankruptcy*, 15th ed., ¶ 726.05, vol. 4. See also Pedlar, *Community Property and the Bankruptcy Reform Act of 1978*, 11 St. Mary's L.J. 339, 341 (1979) which states:

> The complex distribution scheme is sought to be justified as an attempt to track closely the rights of creditors under state law, thereby avoiding unwar-

ranted windfalls to certain classes of creditors that might encourage petitions in bankruptcy by creditors seeking to improve their collection status.

Since it appears that Section 726 will not, in this case, result in any possible distribution to the Bank, it is not necessary to decide issues involving *res judicata* and the Supremacy Clause.

## CONCLUSION

One should not conclude, without clear language providing for it, that Congress intended a major change in state community property law to occur simply because of the incidence of bankruptcy. Such an intention is not discernible here. While Section 541(a)(2) places community property in the hands of the trustee, he cannot hold it in a vacuum. Section 726 provides the creditor constituency for which the community property is held. If there is no such constituency, it serves no purpose for the trustee to deal with the property.

Because it appears that this case is essentially a dispute between two parties, the Debtor and the Bank, the trustee is instructed to determine as quickly as possible whether any purpose will be served in continuing to administer the estate or whether the case should be closed or dismissed. He should thereafter file a report and schedule a hearing at which all interested parties may be heard. The Debtor shall make available to the trustee all information necessary for his report.

The Debtor's motion for partial summary judgment on grounds that the Bank does not hold an allowable claim is DENIED. Summary judgment precluding the Bank from distribution of community property under Section 726 is granted on the grounds stated above. This is a final order for purposes of appeal.

IT IS SO ORDERED.