**In re Janet Lyn LaNESS aka Janet Lyn Miller, Debtor.**

**David A. GILL, Chapter 7 Trustee, Plaintiff,**

v.

**WARRANTY ESCROW COMPANY, INC. a California Corporation, Perry LaNess an individual, Janet Lyn LaNess aka Janet Lyn Miller, Defendants.**

**Bankruptcy No. LA 92–20546 BR. Adv. No. LA 93–01208 BR.**

United States Bankruptcy Court, C.D. California.

Sept. 22, 1993.

Marcy J.K. Tiffany, Office of the U.S. Trustee, Los Angeles, CA.

Perry LaNess, in pro per.

Danning, Gill, Diamond & Kollitz, Los Angeles, CA, David Maurer, for plaintiff.

Janet Lyn LaNess, in pro. per.

Leo L. Grizzaffi, Torrance, CA, for defendant Warranty Escrow Co.

## MEMORANDUM OF DECISION DISMISSING TRUSTEE'S COMPLAINT FOR TURNOVER OF PROPERTY

BARRY RUSSELL, Bankruptcy Judge.

This matter is before the Court on the complaint of the Trustee, who requests that certain funds belonging to the Debtor and the Debtor's former spouse, held in an escrow account, be turned over to him pursuant to 11 U.S.C. § 541(a)(2), 542 and 543. For the reasons stated in this Memorandum of Decision, the Trustee's complaint is dismissed.

### FACTUAL AND PROCEDURAL BACKGROUND

The essential facts in this case are not in dispute and can be briefly summarized as follows. On March 17, 1992, Janet Lyn LaNess, (Debtor), filed a Chapter 7 case. At the § 341(a) meeting of creditors, Debtor testified that her bankruptcy estate included community property assets from her previous marriage to Perry LaNess, (LaNess).

The Debtor and LaNess have been divorced since January 30, 1990. During their marriage dissolution proceedings in the Los Angeles County Superior Court, they both listed their family residence in Rancho Palos Verdes, California as a community asset. After the Superior Court entered the judgment of dissolution, it retained jurisdiction to divide the couple's community property.

In June or July of 1990, Debtor and LaNess sold the family residence. As part of the sales agreement, Warranty Escrow Company, Inc. retained the net proceeds of the sale. The Superior Court subsequently entered a Temporary Restraining Order prohibiting the Debtor and LaNess from withdrawing any of the proceeds from the escrow account.

After Debtor filed her Chapter 7 case, the Trustee filed a Complaint for Turnover of Property and Declaratory Relief requesting that, pursuant to §§ 541(a)(2)[1], 542, and 543, the proceeds in the escrow account be turned over to the Trustee because they were the community property of LaNess and the Debtor. LaNess opposed the Trustee's request and argued that the Trustee had the right to administer only the Debtor's one-half share of the proceeds. LaNess, in turn, requested that this Court order that his one-half share of the proceeds be turned over to him. On March 11, 1993, this Court ordered that the proceeds be turned over to the Trustee, but prohibited their disposal by the Trustee, pending a determination of whether LaNess' one-half share of the proceeds is property of the Debtor's Bankruptcy estate.

On July 2, 1993, a status conference was held on the Trustee's complaint, at which

---

1. § 541 provides in pertinent part:
Property of the estate.
(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

. . . . .

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

(A) under the sole, equal, or joint management and control of the debtor; or
(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

time this Court, *sua sponte*, raised the issue of whether § 541(a)(2) had been satisfied, specifically whether LaNess, who had been divorced from the Debtor for approximately two years prior to the Debtor's Chapter 7 filing, was the "debtor's spouse" as of the "commencement of the case." The Court suggested that if this requirement were not satisfied, the Trustee's complaint would have to be dismissed. The Court continued the hearing to August 31, 1993 at which time the Trustee's complaint would be dismissed if, as a matter of law, the requirements of § 541(a)(2) were not satisfied. Both parties were ordered to brief the issue of whether § 541(a)(2) would apply if the Debtor and her former spouse were no longer married at the time of filing her Chapter 7 case.

## DISCUSSION

■ At the hearing on August 31, 1993, the Trustee argued that the community assets held in the escrow account were part of the Debtor's bankruptcy estate, and in support of that argument, relied on *In re Teel*, 34 B.R. 762 (9th Cir. BAP 1983). *Teel* involved a married couple who had filed for a marriage dissolution, but the husband filed a voluntary Chapter 7 petition prior to the final judgment of dissolution. *Id.* at 763. The issue presented in *Teel* was whether the wife's share of the community assets, which had yet to be divided by the state court, were part of the husband's bankruptcy estate. *Id.*

The Court decided that the issue was controlled by 11 U.S.C. § 541 which states in pertinent part that the commencement of a bankruptcy case creates an estate which includes "(a)ll interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is ... liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable." *Id.* at 763–64 (quoting § 541(a)(2)(B)).

The Court also looked to the applicable section of the California Civil Code which stated that "(t)he property of the community is liable for the contracts of either

spouse which are made after marriage." *Id.* at 764 (quoting Cal.Civ.Code § 5116).

The Court concluded that because "each spouse has management and control of community property" under California law, the wife's share of the community property was part of the debtor's bankruptcy estate. *Id.*

The facts of the present case are somewhat similar, however there is one fundamental difference which proves fatal to the Trustee's argument. In *Teel*, the husband and wife had yet to receive a final judgment of dissolution. Here, the husband and wife had been divorced for approximately two years prior to the wife's filing for bankruptcy.

The Trustee conceded that this case is controlled by § 541(a)(2) which clearly requires that the estate of the "debtor and the debtor's spouse" is to be determined as of "the commencement of the case." § 541(a)(2) makes no reference to a "former spouse," which LaNess clearly was at the time of the commencement of the case.

A review of the Bankruptcy Code shows that if Congress had intended § 541(a)(2) to apply to former spouses, it knew how to say it. For example, pursuant to § 523(a)(5), certain debts for alimony and child support are not dischargeable when owed "to a spouse, former spouse, or child of the debtor."

Thus, without some clear mandate from Congress, this Court cannot broaden the definition of "debtor's spouse" as it is used in § 541(a)(2) to include Debtor's former spouse.

The Trustee refers the Court to § 11 of the California Family Code, which will take effect on January 1, 1994, which states:

A reference to "husband" and "wife," "spouses," or "married persons," or a comparable term, includes persons who are lawfully married to each other and persons who were previously lawfully married to each other, as is appropriate under the circumstances of the particular case.

Cal.Family Code § 11 (West 1993).

The Trustee, in his brief, argues that this new section "contemplates that, under cer-

tain circumstances, 'spouse' refers to former spouse." Trustee's brief at page 5.

■ Section 11 is merely a clarification of Cal.Civ.Code § 4350.5 [2] and states current California law. Nevertheless, § 541(a)(2) is a federal statute not governed by definitions of terms in state statutes obviously intended to apply only to that particular state statute. *See* 22 Cal. L.Rev.Comm.Rpts. 1 (1992) ("Section 11 applies to the entire Family Code."); Cal.Civ. Code § 4350.5 (West 1989) (Cal.Civ.Code § 4350.5 is used only in the part of the Cal.Civ.Code "commencing with Section 4000.").

At the previous hearing, the counsel for the Trustee agreed that if § 541(a)(2) did not apply to the proceeds, that the Trustee would have no claim to LaNess' one-half share of the proceeds. Therefore, because the Trustee has no interest in LaNess' one-half share of the proceeds pursuant to § 541(a)(2), the Trustee is ordered to turn over to LaNess one-half of the proceeds and one-half of the accrued interest, and the Trustee's complaint is dismissed.

A separate order will be entered in conformity with this Memorandum of Decision pursuant to Fed.R.Bankr.P. 9021.

## ORDER DISMISSING TRUSTEE'S COMPLAINT FOR TURNOVER OF PROPERTY

For the reasons stated in this Court's Memorandum of Decision Dismissing Trustee's Complaint for Turnover of Property, the Trustee's complaint is dismissed and the Trustee is ordered to turn over to Perry LaNess one-half of the proceeds and one-half of the accrued interest.

IT IS SO ORDERED.

---

2. Cal.Civ.Code § 4350.5 states in full: As used in this part, other than Title 1 (commencing with Section 4000), the terms "husband" and "wife" refer to persons who are lawfully married to each other and to persons who were previously lawfully married to each other.