**Donald R. LEVITT, Appellant,**

v.

**Beth MAXWELL–STRATTON, Trustee—Appellee,**

**and**

**Miriam Levitt, Debtor—Appellee.**

**No. 07–16277.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 23, 2009.

Donald R. Levitt, Fresno, CA, pro se.

Jeffrey L. Wall, Attorney at Law, Fresno, CA, for Trustee–Appellee.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.  R.App. P. 34(a)(2).

MEMORANDUM **

Attorney Donald Levitt appeals pro se from the district court's judgment affirming the bankruptcy court's order granting authority to the Chapter 7 Trustee for the bankruptcy estate of Miriam Levitt, Donald Levitt's former wife, to sell co-owned real property. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error the bankruptcy court's findings of fact and review de novo its conclusions of law. *Preblich v. Battley,* 181 F.3d 1048, 1051 (9th Cir.1999). We review de novo the district court's decision on appeal from a bankruptcy court. *Id.* We affirm.

The bankruptcy court properly granted authority to the Trustee to sell the estate's interest in the real property to Mrs. Levitt, subject to all existing liens and the claimed homestead exemption. *See Teel v. Teel (In re Teel),* 34 B.R. 762, 764 (9th Cir. BAP 1983) (when one spouse files for bankruptcy protection, all community assets become assets of the bankruptcy estate under 11 U.S.C. § 541(a)(2)); 11 U.S.C. § 363(h) (authorizing trustee to sell both the estate's interest and the interest of any co-owner in property). Per his wishes, Mr. Levitt is now free to bring his contentions concerning his potential community property interest in the homestead exemption to the family law court. *See Teel,* 34 B.R. at 764 ("If legitimate creditor interests exist in the case of a solvent debtor involved in a divorce proceeding, a prudent approach would be for the bankruptcy court to expeditiously liquidate sufficient assets to pay creditors in full and then return the case to the dissolution court.") (quoting 4 *Collier on Bankruptcy* (15th Ed.1983) ¶ 541.15); *see also MacDonald v. MacDonald,* 755 F.2d 715 (9th Cir.1985) ("It is appropriate for bankrupt-

cy courts to avoid incursions into family law matters out of consideration for court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters.") (citation omitted).

The district court properly declined to consider the other issues raised by Mr. Levitt because he did not raise them before the bankruptcy court. *See United States v. Shaltry (In re Home America T.V.–Appliance Audio, Inc.),* 232 F.3d 1046, 1052 (9th Cir.2000).

Mr. Levitt's remaining contentions are not persuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.