NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. AZ-14-1381-JuKiPa |
| | ) | |
| ROMAN A. KOSTENKO, | ) | Bk. No. 2:12-bk-02741-DPC |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| MARTHA S. KOSTENKO, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | M E M O R A N D U M* |
| | ) | |
| ROMAN A. KOSTENKO; ERIC M. | ) | |
| HALEY, Chapter 7 Trustee, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Submitted on June 19, 2015
at Phoenix, Arizona

Filed - July 9, 2015

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Daniel P. Collins, Chief Bankruptcy Judge, Presiding

_____

Appearances:   Jody A. Corrales of DeConcini McDonald Yetwin & Lacy, P.C. argued for appellant Martha S. Kostenko; Claudio E. Iannitelli of Cheifetz Iannitelli Marcolini PC argued for appellee Roman A. Kostenko; Stuart Bradley Rodgers of Lane & Nach PC argued for appellee Eric M. Haley, chapter 7 trustee.

_____

Before:   JURY, KIRSCHER, and PAPPAS, Bankruptcy Judges.

---

    * This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

-1-

Appellant Martha S. Kostenko (Ms. Kostenko) is the former wife of chapter 7[1] debtor Roman A. Kostenko (Debtor). After Debtor received his § 727 discharge, but before the bankruptcy case was fully administered and closed, the state court conducted a trial and entered a judgment/decree (Divorce Decree) dissolving the parties' marriage and dividing the community property and debt.[2] Located under the heading "Division of Property and Debts," and within a series of paragraphs apportioning responsibility for various marital debt, was a hold harmless provision. In dividing the property, the state court determined that an unequal division of community property was appropriate "to achieve equity." As a result, the state court ordered Debtor to reimburse Ms. Kostenko one-half of a 2011 tax refund and pay her a portion of the proceeds from the liquidation of rental properties (Rentals), both of which were included in Debtor's estate under § 541(a)(2).

After the state court issued the Divorce Decree, Ms. Kostenko filed an amended proof of claim (Amended POC) in the bankruptcy case asserting claims for her share of the 2011 tax refund and proceeds from the Rentals. Debtor objected to the Amended POC and filed a motion to enforce the discharge injunction (Enforcement Motion), claiming that the state court imposed obligations on him for marital debt which was

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] The Divorce Decree also addressed support and other issues not relevant to this appeal.

-2-

discharged.

The bankruptcy court sustained Debtor's objection to the Amended POC and granted Debtor's Enforcement Motion. The court found that (1) the state court did not have jurisdiction to divide the community property which was property of the estate; (2) the division of community debt related to prepetition liabilities that were discharged in the bankruptcy case; and (3) Ms. Kostenko did not have a claim but only an equity interest in the community property, which had become property of Debtor's estate. In the end, the court found that the provisions in the Divorce Decree relating to the division of property and debt were null and void.

Ms. Kostenko appeals from the orders sustaining Debtor's objection to her Amended POC and granting his Enforcement Motion. For the reasons explained below, we AFFIRM the bankruptcy court's order on the Amended POC and AFFIRM in part and VACATE in part the order granting Debtor's Enforcement Motion.

## I. FACTS

On February 15, 2012, Debtor, a family law attorney, filed a chapter 13 petition. At the time, Debtor and Ms. Kostenko were parties to a divorce action (Divorce Proceeding). As of the filing date, the state court had not divided the community property or debt.

Community assets consisted of real and personal property valued at approximately $455,000, with community secured and unsecured liabilities of $580,000. The primary assets included the marital residence and three single-family Rentals, all

-3-

titled solely in Debtor's name, and listed in Debtor's Schedule A. Most of the liabilities listed in Debtor's schedules were community liabilities with the exception of his student loans in the amount of $14,590, two court reporting fees totaling $1,361.95, and child support owed in the amount of $700. Among the listed community debts, Debtor included a Citi credit card and a Bank of America World Points (World Points) credit card that were issued in Ms. Kostenko's name. In Schedule F, Debtor listed Ms. Kostenko as an unsecured creditor with a claim in an unknown amount due to the pending divorce. Debtor also listed the divorce proceeding as pending in his Statement of Financial Affairs.

Debtor filed a chapter 13 plan which sought to retain ownership of the Rentals. Ms. Kostenko objected to confirmation of the plan, contending that the plan was not proposed in good faith, but instead for the improper purpose of avoiding Debtor's priority domestic support obligations.

On May 11, 2012, the chapter 13 trustee issued an Evaluation and Recommendation Report (Recommendation Report) giving notice of the potential dismissal of Debtor's case if certain conditions were not satisfied. One such condition required Debtor to turn over all tax refunds to the trustee for 2011 and subsequent years as supplemental plan payments. In July 2012, Debtor turned over the 2011 tax refund to the trustee.

In October 2012, Ms. Kostenko filed a motion for relief from the automatic stay to allow the parties to proceed with the dissolution of marriage. Debtor objected to the motion insofar

-4-

as she sought relief from the stay for the division of community property.

In December 2012, Ms. Kostenko filed an emergency motion to dismiss Debtor's case, arguing that his plan was not proposed in good faith but for the improper purpose of avoiding Debtor's unsecured domestic support obligations. Ms. Kostenko also complained that Debtor failed to disclose or divide the parties' 2011 tax refund which Debtor had received.

The bankruptcy court heard Ms. Kostenko's motion for relief from the stay, her motion to dismiss, and Debtor's plan confirmation at the same time. The court subsequently entered an order finding that Debtor had failed to comply with the trustee's Recommendation Report, failed to make timely plan payments, and failed to remain current on his domestic support orders. As a result, the bankruptcy court converted Debtor's case to chapter 7. The order further granted Ms. Kostenko limited relief from stay to proceed with the dissolution, but stated that the division of property and debts would remain under the jurisdiction of the bankruptcy court.

Eric H. Haley was appointed the chapter 7 trustee (Trustee).

In late January 2013, Ms. Kostenko filed a motion to compel Trustee to abandon to her one-half of the 2011 tax refund. Ms. Kostenko maintained for various reasons that her portion of the income tax refund should not belong to Debtor's bankruptcy estate. Trustee objected, arguing that the full tax refund was property of the estate under § 541 and that Debtor had a duty to remit the refund to him under § 542. The bankruptcy court

denied Ms. Kostenko's motion.

In February 2013, Trustee filed a motion to sell the Rentals free and clear of liens, which the bankruptcy court granted. The properties were sold in July 2013, with net proceeds exceeding $108,000.

In early March 2013, Ms. Kostenko filed another motion to dismiss Debtor's case, again arguing that he had filed the bankruptcy case in bad faith. Ms. Kostenko asserted that Debtor was using the bankruptcy system as a way to avoid an unfavorable ruling by the state court regarding the division of the marital property. Trustee argued in opposition that he expected a substantial distribution to creditors and thus dismissal of the case, which had been pending for over a year, would cause prejudice to creditors who had filed claims and those who had yet to file claims. Trustee also noted that Debtor had been cooperative in the administration of the estate thus far. In reply, Ms. Kostenko again asserted Debtor had filed the bankruptcy case in bad faith and argued that she never consented to the bankruptcy court retaining jurisdiction over the division of assets. Ms. Kostenko requested dismissal of the case or, in the alternative, requested the bankruptcy court to abstain regarding the division of assets and debts and to remand those issues to the state court to determine.

On April 11, 2013, Trustee filed a notice of trustee's intent to abandon all personal property listed on Debtor's schedules, but specified that the estate was retaining all interests in the 2011 income tax refund, real property and Debtor's law practice.

Meanwhile, Ms. Kostenko filed a claim of homestead exemption against the marital property. Trustee objected to the homestead on the ground that Ms. Kostenko had no interest in the property.

In late April 2013, Debtor filed a notice claiming a homestead exemption in the marital residence and explaining that he did not previously claim the exemption because he and his counsel erroneously believed he was not eligible for the exemption because as of the Petition Date he did not reside in the marital residence. Debtor filed an amended Schedule C listing the homestead exemption. Debtor also objected to Ms. Kostenko's claim of homestead exemption against the property. Debtor asserted that she had no legal right to claim the exemption because she had executed a disclaimer deed whereby she disclaimed any interest in the property.

Ms. Kostenko responded by arguing Debtor was ineligible to assert the homestead exemption because he did not occupy the property on the petition date. As a result, Ms. Kostenko asserted that only she could claim the exemption in the entire property. Ms. Kostenko also noted that she and Trustee were negotiating a settlement that would resolve her motion to dismiss and Trustee's objection to her claimed homestead.

Thereafter, Trustee filed a motion to continue the hearing on Ms. Kostenko's motion to dismiss and his objection to her claimed homestead exemption since the settlement negotiations were ongoing. Debtor opposed the continuance, arguing that neither Trustee nor Ms. Kostenko had any right to enter into a settlement regarding exempt property in which he asserted

-7-

rights.

Trustee then filed an application seeking approval of his settlement with Ms. Kostenko. Pursuant to the agreement, Ms. Kostenko would withdraw her motion to dismiss with prejudice and, in return, Trustee would deliver to her a trustee's deed transferring the estate's interest in the marital residence subject to all interests, liens and encumbrances. Debtor opposed the settlement to the extent Trustee awarded any portion of the homestead exemption to either Ms. Kostenko or Debtor.

In response, Trustee amended his application stating that he did not take a position as to who was entitled to claim a homestead exemption on the property and that the bankruptcy court should determine that issue. Trustee also confirmed that when she entered into the settlement agreement Ms. Kostenko was under the impression that she would be taking the interest of the estate in the marital residence free of Debtor's claim of homestead.

On August 8, 2013, the bankruptcy court entered an order granting Trustee's amended application to settle with Ms. Kostenko pursuant to the following terms: her motion to dismiss would be dismissed with prejudice; Trustee would withdraw his objection to her notice of homestead; Trustee would transfer the estate's interest in the marital residence to Ms. Kostenko subject to the parties' interest in the applicable statutory homestead exemption of $150,000; and Trustee would abandon the estate's interest in Debtor's law practice.

Meanwhile, Ms. Kostenko filed a motion again requesting the bankruptcy court to abstain from presiding over the division and

disposition of the marital residence and also from making any decisions about the homestead exemption. Debtor opposed, arguing that the court had expressly retained exclusive jurisdiction over the division of property without objection from Ms. Kostenko and thus the court should determine which of the parties was entitled to claim the exemption. In reply, Ms. Kostenko asserted that by virtue of Trustee's settlement agreement with her, the marital residence was no longer property of Debtor's estate and Trustee had disclaimed any interest in the parties' competing claims to the homestead exemption. Therefore, according to Ms. Kostenko, the determination of who was entitled to the homestead exemption was moot since the property was no longer property of the estate and thus no longer subject to liquidation by Trustee.

On September 26, 2013, the bankruptcy court entered an order on Ms. Kostenko's abstention motion, finding that the $150,000 homestead exemption relating to the marital property belonged both to her and Debtor as a community property asset. The order further stated: "The state court will determine how to equalize the exemption with all other community property assets and liabilities, pursuant to applicable community property laws, for the reasons stated on the record."[3] Finally, the court found that the equity in the marital residence over and beyond the $150,000 homestead exemption belonged to

---

[3] There is no transcript of this hearing in the record but this statement in the court's order seems to indicate that the bankruptcy court thought the state court would divide the property and debt by requiring Debtor to make some sort of equalization payment.

-9-

Ms. Kostenko as her sole and separate property.

In November 2013, the parties entered into a binding settlement agreement to sell the marital residence and equally divide the net proceeds of the sale.

On November 25, 2013, Debtor received his discharge.

The parties subsequently returned to the state court to complete their dissolution proceedings. In connection with the upcoming divorce trial, Debtor and Ms. Kostenko filed their Joint Pretrial Statement on January 24, 2014. There, Ms. Kostenko requested the state court to order Debtor to reimburse her for one-half of the 2011 tax refund. Ms. Kostenko also sought $33,500 from the proceeds obtained through the sale of the Rentals. This amount was one-half of the proceeds that remained after the secured community debts were paid on the Rentals through Debtor's bankruptcy case. Ms. Kostenko maintained that this amount should come out of Debtor's equity in the marital residence. She also asserted that two community debts remained - the Citi credit card with a balance $3,989.15 and the World Points credit card with a balance of $12,038.17. Ms. Kostenko proposed that these balances be paid out of the proceeds from the sale of the marital home.[4]

On January 30, 2014, the state court held a trial.

On March 12, 2014, the state court issued the Divorce Decree dissolving the marriage and addressing, among other things, the 2011 tax refund, the proceeds from the Rentals, and

---

[4] The marital home was no longer property of the estate pursuant to Ms. Kostenko's settlement with Trustee.

the allocation of liability for community debt. The state court first found that under Arizona law, an unequal division of community property was appropriate to achieve equity. Accordingly, the state court ordered Debtor to reimburse Ms. Kostenko for her one-half share of the 2011 tax refund. Concerning the Rentals, the state court stated there was some question whether the bankruptcy court had continuing jurisdiction over the parties' finances and therefore it ordered the parties to file an update with the court no later than April 1, 2014. However, the state court noted that Ms. Kostenko was requesting payment for her interest in the Rentals after the payment of secured community debt.

Under the heading "Debts," the state court ordered that if the Citi and World Points credit cards debt was not discharged in Debtor's bankruptcy, those debts should be divided equally. In addition, the decree provided that "Father shall be solely responsible for any credit card or debt in his name incurred after service of the Complaint" and that "[a]ny community debts that were not identified at the time of the trial shall be divided equally between the parties." Finally, the decree stated: "Each party shall indemnify and hold harmless from any and all debts designated as the responsibility of that party by the terms set forth in this Decree."[5]

On April 30, 2014, the marital property was sold.

_____

[5] While Ms. Kostenko asked the state court to make orders that related to Debtor's half of the exempt marital property, which was no longer property of his estate, that is not what the state court did.

-11-

On April 28, 2014, Ms. Kostenko filed an Amended POC. The Amended POC asserted a claim for the sum of $63,907.70 which was comprised of claims for $52,515.94 (50% community interest in the equity from the Rentals), $3,211 (50% community interest in the 2011 tax refund), and the prior claim for unpaid child support in the amount of $8,180.76. Ms. Kostenko asserted that the $8,180.76 amount was a claim based on a "domestic support obligation" entitled to priority under § 507(a)(1)(A) or (B).

Attached to the Amended POC was the Third Circuit's decision in In re Ruitenberg, 745 F.3d 647 (3d Cir. 2014). There, the Third Circuit held the chapter 7 Debtor's estranged wife had an allowed prepetition claim against the estate based upon her interest in the equitable distribution of marital assets in divorce proceedings that were pending when the Debtor filed his bankruptcy petition, even though the final judgment of divorce had not yet been entered. According to the Third Circuit, the wife's interest was unliquidated and contingent upon a final decree apportioning the marital property and thus "clearly" was a claim within the scope of § 101(5)(A).

Debtor filed an objection to and motion to expunge Ms. Kostenko's Amended POC. Debtor argued that the Amended POC was yet another attempt by Ms. Kostenko to circumvent the bankruptcy court's reserved jurisdiction over division of property and debt and to seize for herself any surplus equity that Trustee may have left for distribution to Debtor, after all of the creditors were paid. Debtor further asserted that the bankruptcy estate held the full interest in the Rentals and 2011 tax refund under § 541(a)(2). Finally, Debtor maintained that

-12-

the Ruitenberg case was inapplicable because it applied New Jersey law, a non-community property jurisdiction. Debtor asserted that no case had applied § 541(a)(2), which brings the community property interests into the bankruptcy estate, in a non-community law jurisdiction.

Trustee joined in Debtor's objection to Ms. Kostenko's Amended POC and her reliance on Ruitenberg.

In light of the state court's rulings, Debtor also filed the Enforcement Motion seeking to have the bankruptcy court enforce the discharge injunction. Debtor maintained that the hold harmless debt was a prepetition debt subject to his discharge under the holding in Heilman v. Heilman (In re Heilman), 430 B.R. 213 (9th Cir. BAP 2010). Debtor also complained that the state court's order requiring him to reimburse Ms. Kostenko for one-half of the 2011 tax refund and proceeds from the Rentals violated the discharge injunction.

In response to the motion, Ms. Kostenko argued that the holding in Heilman was inapplicable because in that case the Debtor filed for bankruptcy and obtained his discharge before the divorce proceeding was initiated. In contrast, Debtor filed the divorce proceeding prior to filing his petition and thus Debtor cannot skirt his domestic support obligations to Ms. Kostenko and hide behind his bankruptcy filing. Ms. Kostenko further argued that the state court orders allocating community property that was liquidated in the bankruptcy court was not void and that the debts arising out of the Divorce Decree were nondischargeable under § 523(a)(5) or (15).

-13-

The bankruptcy court heard the Enforcement Motion and Debtor's objection to and motion to expunge Ms. Kostenko's Amended POC on June 30, 2014. After hearing argument, the court ruled:

> I think that -- and I'm going to order that the motion of the Debtor is granted with respect to the credit cards. The state court in the March 12, 2014[] dissolution order says that the father shall be solely responsible for any credit card or debt in his name incurred after the service of the complaint. That is a time period prior to the bankruptcy. So if he incurs some debts post divorce proceeding but pre-bankruptcy, I don't think the state court can hold him liable for that because he has a discharge for all of those debts that he incurred post dissolution filing and pre-bankruptcy.
>
> The [state] court goes on to say that any community debts that were not identified at the time of the trial should be divided equally between the parties. Again, to the extent that there are credit card debts like the Citi card and the WorldsPoint (sic) credit card which were admittedly incurred pre-divorce, pre-bankruptcy, and as community obligations, albeit incurred by Mrs. Kostenko, those obligations were discharged in the bankruptcy of Mr. Kostenko relative to him and to the community, albeit not as to Mrs. Kostenko.
>
> The [state] court goes on to say that the Debtor should ensure that the mother's name is removed from all credit card accounts assigned to him and vice versa. I don't think that there's bankruptcy stay implications relative to that.
>
> And the [state] court goes on then to say that each party shall indemnify and hold harmless from any and all debts designated as the responsibility of the other party. I understand that's standard domestic relations language. But it just simply can't be the case that to the extent Mrs. Kostenko gets stuck with liabilities that were discharged in the bankruptcy that were community liabilities, I don't think that the state court can then hold Mr. Kostenko liable on an indemnity for those obligations. He got a discharge and we can't have the state court after the fact -- after the fact of the discharge, that is, then start loading personal liability on him for such things as this indemnity or hold harmless.
>
> The tax refund I think everybody agrees is fully

property of the estate. And the state court is not the party to decide -- or is not the jurisdiction to decide where the tax refund goes. That's property of the estate. The Trustee has control of that and is going to be paying out those tax refunds according to what the Bankruptcy Court is calling for. Which, by the way, there will be a priority claim for the Debtor for the amount -- I think it's an agreed-upon amount of 5,485.57. That is the very first priority level. And so the Debtor -- or I should say the Debtor's ex-wife will get that straight off the top after administrative claims are covered for the administration of this case.

So then with respect to the rental properties, I really think that what we have is described in the Petersen[, 437 B.R. 858 (D. Ariz. 2010)] case. And that while Mrs. Kostenko may have an interest in these properties as properties of the community, all community property comes into this bankruptcy. All community liabilities and allowed claims against this estate get paid from that before Mrs. Kostenko ever would see anything from this bankruptcy estate. And if it's going to be a shortfall -- and it certainly sounds like everybody believes there will be a shortfall -- she's not going to have an equity position. And that's all she ever had in these rental properties is an equity position. It didn't exist prepetition and doesn't exist now. And so to the extent that the state court was calling for Mr. Kostenko to pay an equalization or in some other way have an obligation to Mrs. Kostenko relative to these rental properties, I think the state court has overstepped the bounds there.

. . . .

So with that -- and I guess I should also say that I really don't believe I'm bound by the Third Circuit decision. It comes from New Jersey where we don't have community property laws in effect there. I think it's just a completely different animal. And again, I think the tieback to this case -- yes, Mrs. Kostenko has an interest in community assets which belong to this bankruptcy estate. But that interest is really an equity position, not off the top before creditors get their share of what they're entitled to in this matter.

On July 17, 2014, the bankruptcy court entered the order granting Debtor's Enforcement Motion. On the same date, the bankruptcy court entered the order sustaining Debtor's objection

-15-

to and motion to expunge Ms. Kostenko's Amended POC.

On July 31, 2014, Ms. Kostenko filed a timely notice of appeal from both orders. On September 26, 2014, a one-judge order was issued permitting Ms. Kostenko to appeal both the orders in a single appeal. On October 7, 2014, a one-judge order authorized Trustee to be added as an appellee by stipulation of the parties.

## II.  JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (B). We have jurisdiction under 28 U.S.C. § 158.

## III.  ISSUES

A.  Whether the bankruptcy court erred by sustaining Debtor's objection to Ms. Kostenko's Amended POC and by expunging it; and

B.  Whether the bankruptcy court erred by finding that the discharge injunction applied to the obligations imposed on Debtor under the division of property provisions in the Divorce Decree.

## IV.  STANDARDS OF REVIEW

We review a bankruptcy court's legal conclusions, including its interpretation of the Bankruptcy Code and state law, de novo. In re Heilman, 430 B.R. at 216.

We review the bankruptcy court's order expunging Ms. Kostenko's Amended POC de novo. Cont'l Ins. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 671 F.3d 1011, 1020 (9th Cir. 2012).

The bankruptcy court's finding that a  violation of the

-16-

§ 524 discharge injunction has occurred is reviewed for clear error. Sciarrino v. Mendoza, 201 B.R. 541, 543 (E.D. Cal 1996). A finding is clearly erroneous if it is illogical, implausible, or without support in the record. United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009)(en banc).

## V. DISCUSSION

Ms. Kostenko concedes that under § 541(a)(2)[6], all community property not yet divided by the state court at the time of Debtor's bankruptcy filing is property of his estate, subject to administration by the trustee and payment to creditors. See Birdsell v. Petersen (In re Petersen), 437 B.R. 858, 867 (D. Ariz. 2010) (analyzing Arizona statutory law and finding that none of the statutes took the community property outside the ambit of the bankruptcy estate under § 541(a)(2)). It follows that proceeds from the sale of the community property during the bankruptcy case are also considered property of the

---

[6] Section 541(a) provides in part:

The commencement of a case under . . . this title creates an estate. Such estate is comprised of all of the following property, wherever located:

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is —

    (A) under the sole, equal or joint management and control of the debtor; or

    (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

-17-

estate under §§ 541(a)(2) and (6). Non-exempt community property is available to pay community debts according to the priority scheme set forth in § 726(c)(2).

The bankruptcy court has exclusive jurisdiction over property of the estate, including community property. 28 U.S.C. § 1334(e)(1); § 541(a)(2). This exclusively is so even when there is a concurrent dissolution proceeding in state court. See Teel v. Teel (In re Teel), 34 B.R. 762, 763-64 (9th Cir. BAP 1983). Here, the bankruptcy court indisputably retained control over the estate community property and its disbursement to creditors under both its order granting Ms. Kostenko limited relief from the stay to proceed with the dissolution proceeding in the state court without a division of property and debt and the supremacy clause, Aticle VI, Clause 2, of the U.S. Constitution. See Id. at 764. The state court was thus precluded from dividing the non-exempt community property and debt before Debtor's case was closed. Accordingly, the bankruptcy court properly found the property division provisions under the Divorce Decree were null and void and ineffective. Because Ms. Kostenko's claims in the Amended POC were based solely on the property division provisions, the bankruptcy court did not err in sustaining Debtor's objection to Ms. Kostenko's Amended POC.[7]

---

[7] There is no dispute that Ms. Kostenko's priority claim asserted in the Amended POC was proper. Under § 727(c)(2)(B), if State law allows for community property to be liable for separate debts, then community property would be available in bankruptcy for those same debts. In re Merlino, 62 B.R. 836, 840 (Bankr.
(continued...)

-18-

Debtor's Enforcement Motion called into question the scope of Debtor's discharge with respect to the state court's division of community debt. The discharge under § 727(a) discharges the Debtor from all debts that arise prior to the commencement of the case. The discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the Debtor with respect to any debt discharged under section 727. . . ." § 524(a)(1). The discharge also "operates as an injunction against the commencement or continuation of an action, . . . to collect . . . any such debt as a personal liability of the Debtor . . . ." § 524(a)(2).

The bankruptcy court's order granting the Enforcement Motion provides:

> 1. The Debtor's Motion for (1) Enforcement of Discharge Injunction -and- (2) To Declare Null and Void Portions of Superior Court Order in Violation of Discharge Injunction is hereby GRANTED.
>
> 2. The orders of the State Court referenced above as paragraphs (a) through (e) are hereby declared null and void and of no effect.[8]

---

[7](...continued)
W.D. Wash. 1986). Under Arizona law, community property is not liable for either spouse's separate debts, except in those situations involving the value of one spouse's contribution to the community property. See Ariz. Rev. Stat. § 25-215(B). Therefore, community property is not available to pay Ms. Kostenko's support claims.

[8] These provisions stated:

(a) that Ms. Kostenko's community debts (Citi Card ($2,860.50) and World Points Credit Card ($8,900.00)) shall be divided equally between Ms. Kostenko and the
(continued...)

-19-

> 3. The State Court has no jurisdiction to impose personal liability on the Debtor for discharged debts following the Debtor's discharge.

It is undisputed that Debtor obtained his chapter 7 discharge and that this discharge enjoins collection of prepetition claims against him, as noted above. Therefore, the state court did not have jurisdiction to divide the property and debt and the related provisions in the Divorce Decree are null and void. Thus, the bankruptcy court's order under paragraphs one and two was correct.

The third paragraph in the enforcement order is in the nature of prospective declaratory relief. Generally, "[d]eterminations regarding the scope of the discharge require a declaratory judgment obtained in an adversary proceeding." In re Munoz, 287 B.R. 546, 551 (9th Cir. BAP 2002) (citing Rule 7001(9)). In Munoz, the Panel found that "[i]t is error to circumvent the requirement of an adversary proceeding by using a 'contested matter' motion under [Rule] 9014." Id. Accordingly,

_____

[8](...continued)
Debtor;

(b) that any community debts that were not identified at the time of the trial shall be divided equally between Ms. Kostenko and the Debtor;

(c) that each party shall indemnify and hold harmless from any and all debts designated as the responsibility of that party by the terms set forth in this Decree;

(d) that the Debtor shall reimburse Ms. Kostenko for one half share of the parties' 2011 tax refund;

(e) that the Debtor shall reimburse Ms. Kostenko for one half share of equity of the parties' rental properties that is part of the bankruptcy estate.

-20-

while we affirm the bankruptcy court's decision that the debt division provisions in the Divorce Decree are null and void, we vacate paragraph three which provides prospective declaratory relief to Debtor on the scope of the discharge injunction.

To be clear, our conclusions on appeal do not "terminate the matter of division and distribution of property as between the divorcing spouses. Jurisdiction over the division and distribution of the parties' property as between themselves pursuant to the divorce returns to the state court" once the bankruptcy case is closed. Shulkin Hutton Inc. v. Treiger (In re Owens), 2007 WL 7540999, at *6 (9th Cir. BAP June 25, 2007) (J. Klein concurring) (citing In re Teel, 34 B.R. at 764); see also In re Herter, 457 B.R. 455 (Bankr. D. Idaho 2011), aff'd, 2013 WL 588145, at *3 (D. Idaho Feb. 13, 2013) (noting that it was not until the Debtor's bankruptcy case was closed that the state court gained the ability to effectively transmute community property to the separate property of the spouses).

It is possible that Ms. Kostenko may hold a nondischargeable equitable claim which may be determined by the state court after the case is closed. Ariz. Rev. Stat. § 25-318 authorizes the state court to allocate community liabilities between the parties in effecting an equitable division of all community property. Spector v. Spector, 17 Ariz. App. 221, 225, 496 P.2d 864, 867 (Ariz. Ct. App. 1972). The statute requires that the division of property must be equitable, "though not necessarily in kind." The Arizona Supreme Court had noted:

> Obviously, the trial court may make adjustments to accommodate the necessities of the situation. Where physical assets are not readily divisible or

-21-

> available, . . . the statute contemplates that the court could compensate a spouse for his or her interest in the assets, and, of necessity, that would be by an award of money.

Martin v. Martin, 156 Ariz. 452, 458, 752 P.2d 1038, 1044 (Ariz. 1988). "'Equitable' means just that—it is a concept of fairness dependent upon the facts of particular cases." Toth v. Toth, 190 Ariz. 218, 221, 946 P.2d 900, 903 (Ariz. 1997).

The liquidation of Ms. Kostenko's prepetition divorce related claims after Debtor's case is closed would not violate the discharge injunction. Further, while the expungement of Ms. Kostenko's Amended POC may affect her right to distribution from bankruptcy estate property, it does not prevent her from pursuing collection of a prepetition debt even if Debtor received his discharge because debts for property division in divorce decrees are nondischargeable under § 523(a)(15). Short v. Short (In re Short), 232 F.3d 1018, 1022-23 (9th Cir. 2000) (holding that a property division claim comes within purview of § 523(a)(15).

## VI. CONCLUSION

In sum, we AFFIRM the bankruptcy court's order on the Amended POC. We AFFIRM in part and VACATE in part the bankruptcy court's order granting Debtor's Enforcement Motion. We AFFIRM the bankruptcy court's order in paragraphs one and two. We VACATE paragraph three of the order, which grants Debtor prospective declaratory relief as to the dischargeability of the division of property and debt claims because such relief was procedurally improper.